SETH ELY & others *vs.* SHELDON WEBSTER.

The provision of the Gen. Sts. *c.* 86, § 61, that securities for debt, " given in whole or in part for the price of liquor sold in violation of this chapter," shall be void against holders with notice of the unlawful consideration, applies only to sales made in Massachusetts.

The provision of the Gen. Sts. *c.* 86, § 61, that no action shall be maintained for the price of liquor sold in any other state for the purpose of being brought into this Commonwealth to be here kept or sold in violation of law, with reasonable cause on the part of the seller to believe that the buyer entertained such an unlawful purpose, affects the remedy only, and not the cause of action.

To invalidate at common law a sale of goods bought for an unlawful purpose, it is necessary that the seller shall at least know of the unlawful purpose, and not merely have reasonable cause to believe that it exists.

To sustain a defence on the Gen. Sts. *c.* 86, § 61, against an action for the price of intoxicating liquors sold in another state with reasonable cause on the part of the seller to believe that they were bought for the purpose of being brought into this Commonwealth to be here kept or sold in violation of law, it is necessary to prove the actual existence of the unlawful purpose.

CONTRACT on three bills of exchange drawn by the plaintiffs on the defendant, dated November 19, 1867, November 29, 1867 and December 6, 1867, respectively, each payable sixty days after date and accepted by the defendant. Writ dated August 29, 1868. Trial in the superior court, before *Putnam, J.,* who allowed the following bill of exceptions :

" No question was made but that the drafts were duly accepted, and no other question was raised in defence than the one hereinafter set forth. It appeared in evidence that the drafts were drawn on the defendant on account of certain bills of intoxicating liquors sold by the plaintiffs to the defendant, as hereafter stated, and that the defendant accepted the drafts in payment of said bills of liquors. It further appeared that, at the time of the sales aforesaid, the plaintiffs resided and did business in the city and state of New York, and the defendant resided in Springfield in this county, and his business was the sale of liquors. The liquors for the price of which these drafts were drawn were sold to the defendant in 1867, previously to the dates of the drafts, upon written orders dated and mailed at Springfield, addressed to and received by the plaintiffs at their place of business in New York, and said liquors were, at the request of the defendant, delivered to him in New York, at the railroad station, marked with his address, and were in due time received by him at Springfield from the railroad company.

" The defendant offered to show that, at the time of the orders and sale as above, he was engaged in the illegal sale of spirituous and intoxicating liquors at Springfield, and that the plaintiffs had reasonable cause to believe that this was his business, and that the said goods were purchased to be sold by the defendant in violation of the laws of this Commonwealth. Upon objection, the judge refused to admit this evidence. The verdict was for the plaintiffs, and the defendant alleged exceptions."

*H. B. Stevens,* for the defendant.

*M. P. Knowlton,* for the plaintiffs.

COLT, J. The defendant's acceptances were given for liquors sold to him by the plaintiffs in New York, at various times, in 1867, and are all dated in that year. *Finch* v. *Mansfield,* 97 Mass. 89.

At the time of these sales, § 61 of the Gen. Sts. *c.* 86, was in force, declaring that " all payments or compensations for spirituous or intoxicating liquors sold in violation of law, whether in money, labor or personal property, shall be held to have been ...eceived without consideration, and against law, equity and good

conscience," and " no action of any kind shall be had or main
tained in any court for the price of any liquor sold in any other
state for the purpose of being brought into this Commonwealth
to be here kept or sold in violation of law, under such circum-
stances that the vendor would have reasonable cause to believe
that the purchaser entertained such illegal purpose; and all bills
of exchange, promissory notes, and other securities for and evi-
dences of debt whatsoever, given in whole or in part for the
price of liquor sold in violation of this chapter, shall be void
against all persons holding the same with notice of such illegal
consideration, either direct or implied by law." ·

Is a sale made in the state of New York by a citizen of that
state within the meaning of the statute? The statutes of this
Commonwealth can have no force beyond the limits of the
state, to render invalid a contract for the sale of goods, lawful
by the law of the place where made. They cannot reach with
penalties the parties to such sale. At most, it can only be en-
acted, with reference to such sales, that, when the contract is
made with a view to a subsequent sale of the same goods in
this state in violation of the law here, or under such circum-
stances that the vendor would have reasonable cause to believe
that the purchaser entertained such illegal purpose, no action
shall be maintained in the courts of this state for the price.
This is all the statute attempts. It touches the remedy only.
It speaks of two descriptions of sales, namely, sales in violation
of law or of this chapter, and, as contradistinguished from them,
sales made in any other states for the purpose of illegal sale here.

The phrase, " sold in violation of this chapter," therefore, as
used in that part of the section which refers to the securities
taken, means sold in this state in violation of it. *Abberger* v.
*Marrin, ante,* 70. The plaintiffs' acceptances were never void
in his hands. If they had been under this law, it may be true
that the repeal of it would not have given them validity.

It is further claimed that the evidence offered was admissible
under that part of the statute, above stated, which denies to the
vendor of liquors sold out of the state the right to maintain an
action for the price. The repeal of this provision, before the

commencement of this suit, as it affects only the remedy, restores the plaintiffs' rights, and the defence must rest solely on the principles of the common law as applied to illegal sales. By these rules, knowledge on the part of the seller that the goods are purchased to be used or sold by the buyer in violation of law is, at least, necessary to deprive him of his right to recover the price. *Adams* v. *Coulliard, ante*, 167.

The defendant only offered to prove that the plaintiffs had reasonable cause to believe that the liquors were purchased to be sold by the defendant in violation of the laws of this state This was not enough to show the participation of the plaintiffs in the illegal purpose. Even under the statute, the evidence offered would fall short of its requirements. It omitted that which is the foundation of the defence; namely, proof of the illegal purpose of the purchaser. It is not enough that the seller has reasonable cause to believe it; he may be mistaken in that belief, and the jury may find the buyer innocent of any illegal design. *Savage* v. *Mallory*, 4 Allen, 492.

In any aspect the evidence as it was offered was immaterial.

*Exceptions overruled.**

---

⁕ A similar decision was made at the same term in the case of

### JOHN TRACY & others *vs.* SHELDON WEBSTER.

CONTRACT on an account annexed for the price of intoxicating liquors sold by the plaintiffs to the defendant. Writ dated July 8, 1868. Trial in the superior court, before *Putnam*, J., who found for the plaintiffs and allowed a bill of exceptions of which the following is the material part.

" It appeared in evidence that, at the time of the sale, the plaintiffs resided and did business in Albany in the state of New York, and the defendant resided in Springfield in this county, and his business was the sale of liquors. The liquors, for the price of which this suit was brought, were sold to the defendant in January and February 1867, upon orders dated and mailed at Springfield, addressed to and received by the plaintiffs at their place of business in Albany, and said liquors were, at the request of the defendant, delivered to him in Albany, at the railroad station, marked with his address, and were in due time received by him at said Springfield, from the railroad company. No question was made as to the price of the liquors. The defendant then offered to show that, at the time of the order and sale as above, he was engaged in the illegal sale of spirituous and intoxicating liquors at Springfield, and that the plaintiffs had reasonable cause to believe that this was his business, and that

the said goods were purchased to be sold by the defendant in violation of the laws of this state. Upon objection, the court refused to admit this evidence, and the defendant excepted to the refusal."

*E. B. Gillett & H. B. Stevens,* for the defendant.

*N. A. Leonard & G. Wells,* for the plaintiffs.

COLT, J. This action was commenced after the repeal of the Gen. Sts. *c.* 86, § 61, and for the reasons stated in *Ely* v. *Webster, ante,* 304, and *Adams* ▼ *Coulliard, ante,* 167, the entry must be *Exceptions overruled.*