WILLIAM BROCKWAY *vs.* COLUMBUS C. MALONEY.

In an action by a resident of New York against a resident of Massachusetts, for the price of ale sold to the defendant, there was evidence that the ale was sold and delivered under an agreement, made in Massachusetts, that the plaintiff would sell ale to the defendant, at a certain price per barrel, at such times and in such quantities as the defendant might order, to be delivered by the plaintiff to a carrier in New York, addressed to the defendant, who was to pay the freight on it to Massachusetts, the plaintiff, however, to pay the freight back on any barrels which the defendant might return empty. *Held,* that this evidence warranted a finding that the sale was made in New York.

CONTRACT for the price of ale sold and delivered by the plain tiff to the defendant. Trial in the superior court, without a jury before *Putnam,* J., who found these facts:

" In June 1864, the plaintiff, a resident of ·New York, called upon the defendant, a dealer in ale and resident of Springfield, at his place of business in Springfield, and wished to know if the defendant would not purchase his ale of him, the plaintiff. The defendant inquired his prices; and the plaintiff told him his prices, and agreed to sell him such ale as he wanted at those prices. The plaintiff was to fill the defendant's orders as he sent them, at the prices, which were to be $5 per barrel for amber ale, and $6.50 per barrel for pale ale. The ale was to be sent as the defendant ordered it, and was to be delivered by the plaintiff on board the cars in New York, addressed to the defendant. The defendant was to pay the freight on the ale from New York to Springfield; and whenever empty barrels were returned to the plaintiff, the plaintiff was to pay the freight back on them. The defendant did not agree to buy any particular quantity, nor was the arrangement to be for any particular

length of time, but the plaintiff was to deliver ale upon these terms as the defendant wanted it.   There was no obligation on the part of the defendant to order ale, or on the part of the plaintiff to fill the orders in the future.   The ale sued for was sent under this arrangement, as ordered by the defendant, and only as the defendant wanted it.   The bulk of the orders were sent to the plaintiff by letter or telegraph.   The first order for the ale was given by the defendant at Springfield, at the time of the conversation referred to ; and a few of the orders were delivered to the plaintiff, or his son, personally, when in Springfield ; but all the ale was sent in the manner above agreed to, that is, delivered on ,board the cars in New York, and addressed to the defendant, and the defendant paid the freight on it.   About August 14, 1864, the defendant received from the plaintiff notice of an increase in the price of the ale after that date ; and all the ale ordered thereafter was charged to the defendant at the increased price, with his consent.

" Upon ·these facts, the judge found that it was understood and ·agreed between the parties at Springfield, that the price of any ale which the defendant saw fit to order should be the price then named, until afterwards altered, but that the defendant was to order the ale only as he wanted it, and in such quantities as ne wanted it, which orders were to be filled in New York in the manner stated, and so that the sales were made in New York, and not in Massachusetts ; and ordered judgment for the plaintiff.   To this finding and order the defendant excepted."

*W. L. Smith,* (*H. Donelly* with him,) for the defendant.

*M. P. Knowlton,* for the plaintiff.

COLT, J.   The findings of the judge in this case are conclusive, jury trial having been waived.   Upon the facts reported, the judge was warranted in finding the sale to have been in New York.

It does not appear that there was any legal obligation upon the plaintiff to fill the defendant's orders at the prices named. But whether there was or not, there is no pretence of a sale of specific articles, or of a specific appropriation of them, until the orders were filed by a delivery in New York.

The statute applies only to executed contracts of sale. If made out of the state, then the seller may recover the price here unless he sold with reasonable cause to believe that they were purchased to be resold here in violation of law. The defence was not placed upon this last named ground; and if it had been, there seems to be nothing in the case which would support it. *Ely* v. *Webster, ante,* 304. *Abberger* v. *Marrin, ante,* 70. *Adams* v. *Coulliard, ante,* 167. *Kline* v. *Baker,* 99 Mass. 253.

*Exceptions overruled.*