### ABSALOM P. HOTCHKISS *vs.* WILLIAM FINAN.

The provision of the Gen. Sts. *c.* 86, § 61, that no action shall be maintained for the price of intoxicating liquors sold in any other state for the purpose of being brought into this Commonwealth to be here kept or sold in violation of law, with reasonable cause on the part of the seller to believe that the buyer entertained such an unlawful purpose, affects the remedy only, and not the cause of action.

To invalidate at common law a sale of goods bought for an unlawful purpose, it is necessary that the seller shall at least know of the unlawful purpose, and not merely have reasonable cause to believe that it exists.

The provision of the St. of 1869, *c.* 415, § 63, forbidding the maintenance of actions for the price of intoxicating liquors, applies only to future sales.

CONTRACT for the price of intoxicating liquors sold to the defendant. Writ dated October 23, 1868. At the trial in the superior court, before *Dewey*, J., it was in dispute, and was submitted to the jury, whether the sale was made in Massachusetts or in Connecticut; the jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The case is stated in the opinion.

*G. M. Stearns*, for the plaintiff.

*E. H. Lathrop*, for the defendant.

COLT, J. This action is to recover for the price of intoxicating liquors, which were sold at a time when the Gen. Sts. *c.* 86, § 61, were in force, declaring that no action should be maintained for the price of liquors " sold in any other state, for the purpose of being brought into this Commonwealth, to be here kept or sold in violation of law, under such circumstances that the vendor would have reasonable cause to believe that the purchaser entertained such illegal purpose."

The plaintiff commenced his suit after the repeal of this statute by the St. of 1868, *c.* 141. Its provisions plainly affect the remedy only. After its repeal, the plaintiff's right to recover stands upon the rules of the common law as applied to illegal sales, which require, at least, knowledge on the part of the seller that the goods are purchased to be sold by the buyer in violation of law. The fact that the plaintiff had reasonable cause to believe that the liquors were so purchased is not enough to show participation in the illegal purpose. *Ely* v. *Webster*, 102 Mass. 304.

After this suit was commenced, the original provisions of the Gen. Sts. *c.* 86, § 61, were reënacted by the St. of 1869, *c.* 415, § 63 ; but this last statute cannot be construed to have a retroactive effect, and applies only to future sales. *King* v. *Tirrell*, 2 Gray, 331, 333. *Webster* v. *Munger*, 8 Gray, 584, 587.

The instructions of the court, which permitted the jury to find for the defendant, if the liquors were sold out of the state under such circumstances as to give the plaintiff reasonable cause to believe that the purchaser intended to sell them illegally in this Commonwealth, were therefore erroneous.

*Exceptions sustained.*