## E. W. LINDSEY *vs.* JAMES STONE.

Hampshire.    Sept. 18. — Nov. 24, 1877.    ENDICOTT & LORD JJ., ab-
                        sent.

Since the repeal of the St. of 1869, *c.* 415, § 63, an action may be maintained to re-
 cover the price of intoxicating liquors, sold in another state, while that statute was
 in force, by a person who had reasonable cause to believe that the buyer intended
 to bring them into this Commonwealth to be here kept or sold in violation of law.

CONTRACT on an account annexed for the price of certain
intoxicating liquors sold by the plaintiff to the defendant in
April and May, 1873.    Writ dated November 15, 1875.    The
case was submitted to the Superior Court, and, after judgment
for the defendant, to this court on appeal, upon an auditor's
report, which was to be taken as an agreed statement of facts,
and so much of which as is necessary to the understanding of
the point decided appears in the opinion.

*J. B. Bottum,* for the plaintiff.

*J. C. Hammond,* for the defendant.

COLT, J.    The auditor's report is taken as an agreed state-
ment of facts.    He finds that the intoxicating liquors for which
the plaintiff seeks to recover, to use the auditor's own words,
" were sold in the State of Connecticut for the purpose of being
brought into this Commonwealth to be here kept and sold in
violation of law."    If this sentence, and the finding of the au-
ditor that the plaintiff was not entitled to recover, had ended
here, it might fairly be inferred that both parties to the sale
participated in the illegal purpose ; but he goes on and adds,
" that the defendant entertained such illegal purpose, and that
the plaintiff had reasonable cause to believe that the defendant
entertained such illegal purpose."    This addition qualifies and
limits the first statement, and must have been added with that
intent only ; for any other object it was wholly unnecessary.    It
shows the extent to which the auditor found that the plaintiff,
as one of the parties to the sale, was affected by the defendant's
illegal purpose.    Taking the whole sentence together, it is plain
that the auditor did not intend to find that the plaintiff made
these sales for the purpose of promoting an illegal traffic in this
state, or that he ever had knowledge of the defendant's purpose.

A case is therefore presented, where a sale was made in another state, by a seller who had reasonable cause to believe, but no knowledge of, the illegal purpose, and no intention to promote it.

When the liquors in question were sold, the St. of 1869, *c.* 415, was in force. By § 63, it was provided that no action should be maintained for the price of liquor sold in another state, for the purpose of being here kept or sold in violation of law ; provided the seller had reasonable cause to believe that the purchaser entertained such purpose. The statute in question affects the remedy only. It does not attempt to invalidate sales legally made out of this state, or impose penalties and forfeitures on the parties to such sales.

Before this action was commenced, the St. of 1869 was repealed by the St. of 1875, *c.* 99, § 22, saving only pending prosecutions, and penalties and forfeitures already incurred. The rights of these parties must therefore be determined by common law rules, and those rules require at least knowledge of, as distinguished from mere reasonable cause to believe in, the illegal purpose of the buyer.

The findings of the auditor fail to bring home to the plaintiff anything more than reasonable cause to believe, and this, it is well settled, is not enough to defeat his right to recover. *Adams* v. *Coulliard*, 102 Mass. 167. *Ely* v. *Webster*, 102 Mass. 304. *Hotchkiss* v. *Finan*, 105 Mass. 86. See also *Hill* v. *Spear*, 50 N. H. 253. *Judgment for the plaintiff.*