PHILIP W. FRANK & others *vs.* JEREMIAH O'NEIL & another.

Bristol. October 22. — 23, 1878. ENDICOTT & LORD, JJ., absent.

In an action to recover the price of intoxicating liquors sold in another state, the mere fact that the plaintiff knew, at the time of the sale, that the defendant was a grocer and liquor dealer in this Commonwealth, does not necessarily prove knowledge on the part of the plaintiff that the defendant intended to sell the liquors again illegally.

CONTRACT upon an account annexed for intoxicating liquors sold and delivered on January 22, 1875. Answer: 1. A general denial; 2. Payment. The defendants also filed a declaration in set-off for money paid to the plaintiffs in 1874, according to an account annexed.

At the trial in the Superior Court, before *Brigham,* C. J., the defendants proved that in July, 1874, they purchased of the plaintiffs intoxicating liquors in the State of New York, and paid for such liquors in September, 1874, the sum of $260.90; and that, at the time of the purchase, the plaintiffs knew that the defendants were grocers and liquor dealers in this Commonwealth.

The judge ruled that the above facts, and the fact that the liquor was sold by the defendants in violation of law, would not authorize the jury to apply the payment of the $260.90 as a payment for liquors afterwards sold to and received by the defendants from the plaintiffs, not in violation of law, on the ground that the first sale of liquor was in violation of law, and the $260.90 paid therefor might in some form of action, and in some form of pleading, be recovered back from the plaintiffs by the defendants.

The jury returned a verdict for the plaintiffs for the full amount claimed; and the defendants alleged exceptions.

*J. W. Cummings*, for the defendants.

*M. G. B. Swift*, for the plaintiffs, was not called upon.

BY THE COURT. The mere fact that the defendants were grocers and liquor dealers in this Commonwealth, and that the plaintiffs knew it, (which is all that the instruction assumes,) did not necessarily prove knowledge on the part of the plaintiffs that the defendants intended to sell the liquors again illegally, which was essential to invalidate the sale between these parties. *Kellogg* v. *Moore*, 2 Allen, 266. *Ely* v. *Webster*, 102 Mass. 304.

*Exceptions overruled.*