THOMAS H. SHERLEY & another *vs.* THOMAS McCORMICK.

Suffolk.    March 21. — May 7, 1883.    DEVENS & W. ALLEN, JJ., absent.

A written proposal, signed in this Commonwealth by the plaintiff's agent, provided as follows : "We agree to sell you three hundred barrels E. L. Miles & Co. Bourbon whiskey distilled by E. L. Miles & Co., New Hope, Nelson county, Ky. 100 bbls. in the month of November, 1881. . . . . If the month of November is already full, or nearly so, then give him what you can of the hundred, and the difference deduct from this contract for one hundred November. Write him about it. . . . . Storage at the rate of five cents per barrel per month from the date of the original inspection into bond. . . . . The whiskey when withdrawn for shipment to be delivered on the cars free of drayage. In the event of the destruction of distillery by fire or other casualty, this contract to be void in so far as it shall at that time be unexecuted." The following was signed by the defendant in this Commonwealth : "We accept the above agreement and promise to pay the cash upon delivery of warehouse receipts for the whiskey." *Held,* in an action for the price of the one hundred barrels of whiskey, that the contract was for a sale to be made in Kentucky, and not in this Commonwealth; and that evidence that neither the plaintiff nor his agent had a license to sell

spirituous liquors in this Commonwealth was immaterial. *Held, also,* that, by the contract, the plaintiff agreed to furnish the defendant with whiskey to be distilled in November, 1881; and that the fact that there was no tender of warehouse receipts in that month did not defeat the plaintiff's right of recovery. *Held, also,* that it was immaterial that the whiskey tendered was designated in the warehouse receipts as "Fire Copper Bourbon" whiskey, if it was what was ordinarily known as Bourbon whiskey of E. L. Miles & Co.'s manufacture.

No exception lies to the admission in evidence of a decision of a court of another State, where the bill of exceptions does not show that the decision was material to the issue, or that the excepting party was prejudiced by it.

CONTRACT upon the following agreement in writing:

"Mr. Thomas McCormick, 29 Fleet Street, Boston, Mass.: We agree to sell you three hundred barrels E. L. Miles & Co. Bourbon whiskey, distilled by E. L. Miles & Co., New Hope, Nelson county, Ky. 100 bbls. in the month of November, 1881. 200 bbls. in the months of March, April, May, or June, 1882. One hundred barrels each month; should prefer May and June, and to have those months, if possible. If the month of November is already full, or nearly so, then give him what you can of the hundred, and the difference deduct from this contract for one hundred November. Write him about it at forty cents per proof gallon, original gauge in bond. Storage at the rate of five cents per barrel per month, from the date of the original inspection into bond. Insurance at cost, not exceeding one per cent per annum. We guarantee the shrinkage shall not exceed upon an average the allowance for shrinkage provided for in the Carlisle bill. The whiskey when withdrawn for shipment to be delivered on board the cars free of drayage. In the event of the destruction of distillery by fire or other casualty, this contract to be void in so far as it shall at that time be unexecuted. T. H. Sherley & Co., by I. W. Kingman.

"Boston, Mass., March 18, 1881. We accept the above agreement and promise to pay the cash upon delivery of warehouse receipts for the whiskey. The guaranty as to shrinkage in this contract is to be made good on the basis of cost to the purchaser. Thomas McCormick."

Trial in the Superior Court, before *Mason,* J., who reported the case for the determination of this court, in substance as follows:

The plaintiffs put in evidence the written contract declared on; and it appeared that the contract had been executed in

Boston, by I. W. Kingman on behalf of the plaintiffs, and by the defendant himself.

The plaintiffs also put in evidence twenty warehouse receipts signed by E. L. Miles & Co., each dated November 30, 1881, and acknowledging the receipt in the distillery bonded warehouse of E. L. Miles & Co., No. 146, Fifth District of Kentucky, of five barrels of "Nelson county Fire Copper Bourbon Whiskey," "for account and subject to the order of Thomas McCormick or assigns, deliverable only on return of this receipt, properly indorsed, and on payment of government tax due thereon, and storage at the rate of five cents per barrel per month from" a certain date, being the date of manufacture of the respective lot of five barrels. One receipt stated that date to be November 18; three receipts, November 19; twelve, November 29; and four, November 30; all in the year 1881.

It appeared in evidence that, on December 1, 1881, William C. Johnson, one of the plaintiffs, offered the defendant in Boston to deliver, under the contract, one hundred barrels of E. L. Miles & Co. Bourbon whiskey, distilled in November, 1881, and that the defendant declined to receive the same; that the twenty warehouse receipts before named were tendered to the defendant by the plaintiffs at Boston on December 12, 1881, and that the defendant has never requested the plaintiffs to deliver the whiskey or the warehouse receipts therefor; but there was no evidence offered of a tender of said receipts, by or in behalf of the plaintiffs, during the month of November, 1881.

The defendant offered evidence that neither the plaintiffs nor their agent Kingman had authority, license or appointment under any statute of Massachusetts to sell, or expose, or keep for sale, spirituous or intoxicating liquors in Boston, in this State, in the year commencing May 1, 1880, and terminating May 1, 1881, or in the year commencing May 1, 1881, and ending May 1, 1882. The judge excluded the evidence offered, and ruled that the written contract declared on was a contract for a sale to be made in Kentucky, and not in Massachusetts; and the defendant excepted. It appeared that the plaintiffs had the usual license to sell spirituous liquors under the laws of the United States.

The defendant requested the judge to rule that the contract called for one hundred barrels of Bourbon whiskey to be

delivered in November, 1881; and that, as no tender of the warehouse receipts was shown to have been made in November, 1881, the plaintiffs were not entitled to recover. The judge declined so to rule, and ruled that the true construction of the contract was that the plaintiffs agreed to furnish the defendant with one hundred barrels of Bourbon whiskey, to be distilled in November, 1881; and to this the defendant excepted.

The defendant also requested the judge to instruct the jury that the tender by the plaintiffs of the goods mentioned in the warehouse receipts was not a tender of the goods contracted for. The judge refused to give this instruction, the defendant excepting; and instructed the jury that, if the goods made and offered were what is ordinarily known as Bourbon whiskey of E. L. Miles & Co.'s manufacture, it would be immaterial that they were also designated as "Fire Copper Bourbon," or by other designation indicative of the process of manufacture.

In the course of the trial, the plaintiffs offered as evidence of the laws of Kentucky, in relation to warehouses and warehouse receipts, a report of a decision of the Court of Appeals of Kentucky in the case of *Cochran* v. *Ripy*, 13 Bush, 495. The defendant excepted to the admission of this evidence.

The jury returned a verdict for the plaintiffs for $1904.56, being the full value of the one hundred barrels of whiskey at the price set forth in the written contract, together with interest thereon from the date of the writ.

If the rulings and refusals to rule were erroneous, a new trial was to be had; otherwise, judgment to be entered on the verdict.

*C. F. Donnelly*, for the defendant.

*L. D. Brandeis*, (*S. D. Warren, Jr.*, with him), for the plaintiffs.

COLBURN, J. The laws of the United States regulating the business of distilling spirits, with reference to which the contract in question in this case must have been made, throw light upon the construction of the contract. It is required by the U. S. Rev. Sts. § 3271, that "every distiller shall provide, at his own expense, a warehouse to be situated on and to constitute a part of his distillery premises, and to be used only for the storage of distilled spirits of his own manufacture until the tax thereon

shall have been paid;" and this section further provides that such warehouse when approved shall be a bonded warehouse of the United States, to be known as a distillery warehouse, and be under the direction and control of the collector of the district. Section 3274 provides that "every distillery warehouse shall be in the joint custody of the store-keeper and the proprietor thereof;" and § 3287 requires that all distilled spirits shall be removed immediately into the distillery warehouse.

The contract in question, though somewhat obscure in expression, — its obscurity caused in part by its having been partly written and partly printed, and the written part not always inserted where it properly belonged, — can be sufficiently understood when considered with reference to the statutes.

The contract contemplated that the title to the whiskey should pass to the defendant when it was in some bonded warehouse, and this must necessarily have been the bonded warehouse connected with the distillery of E. L. Miles & Co., in Kentucky. The whiskey was not in existence when the contract was made; and the court was right in ruling that the contract was for a sale to be made in Kentucky, and not in Massachusetts; and in excluding the evidence offered, that neither the plaintiffs nor their agent had a license to sell spirituous liquors in Massachusetts, as immaterial. *Abberger* v. *Marrin*, 102 Mass. 70. *Ely* v. *Webster*, 102 Mass. 304. *Brockway* v. *Maloney*, 102 Mass. 308. *Orcutt* v. *Nelson*, 1 Gray, 536. By the U. S. St. of May 28, 1880, § 4, the whiskey might have remained in bond for three years after it was entered; and there is nothing in the contract to show that it was intended that it should ever come to Massachusetts, though this consideration is perhaps immaterial in this case.

The contract was dated March 18, 1881, and was for the sale of the product of a certain distillery. The words, "We agree to sell you three hundred barrels E. L. Miles & Co. Bourbon whiskey, distilled by E. L. Miles & Co., New Hope, Nelson county, Ky., 100 bbls. in the month of November, 1881," &c., taken alone, may mean that the sale was of whiskey to be distilled in that month, or that the whiskey was to be delivered in that month. But the words, "If the month of November is already full, or nearly so, then give him what you can of the hundred,

and the difference deduct from this contract for one hundred November," appear to relate to the product of that month. This sentence was written into the contract, and the words, " Write him about it," in the next sentence, are also in writing, followed by printed words, and appear to belong with the last sentence. As the defendant was to pay storage " from the date of the original inspection into bond," and as, by the laws of the United States, the whiskey was to go into bond as soon as distilled, it can hardly be supposed that the defendant agreed to pay for storage before November. The provision that, in case of the destruction of the distillery, the contract should be void, so far as unexecuted, clearly shows that the parties had in view whiskey to be distilled at some future time. Taking the whole contract together, we think the court was right in ruling that by the contract the plaintiffs agreed to furnish the defendant with one hundred barrels of Bourbon whiskey, to be distilled in November, 1881 ; and in declining to rule that, as no tender of warehouse receipts was shown to have been made in November, 1881, the plaintiffs were not entitled to recover. The plaintiffs had the entire month of November for having the whiskey made, and some of it appears to have been made the last day of the month ; but it was all in the distillery bonded warehouse, for the account, and subject to the order, of the defendant in that month. As the whiskey was in Kentucky, and the defendant in Boston, the parties could not have expected that receipts for whiskey made the last day of the month could have been tendered to the defendant in that month. The defendant's unconditional refusal to one of the plaintiffs, on the first day of December, to take the whiskey, excused the delay, if there was any unnecessary delay in tendering the warehouse receipts.

The court properly refused to instruct the jury that the tender by the plaintiffs of the goods mentioned in the warehouse receipts was not a tender of the goods contracted for; and rightly instructed the jury that, if the goods made and offered were what is ordinarily known as Bourbon whiskey of E. L. Miles & Co.'s manufacture, it would be immaterial that they were also designated as " Fire Copper Bourbon." Under the statutes of the United States, only whiskey of the manufacture of E. L. Miles & Co. could have been in the warehouse.

There is nothing in the bill of exceptions to indicate that the decision of the court in the case of *Cochran* v. *Ripy*, 13 Bush, 495, was not properly put in evidence. By the Pub. Sts. *c.* 169, § 72, it was admissible as evidence of the unwritten or common law of Kentucky. It decides questions both of common law and of the construction of statutes. The question of the construction and effect of that opinion was for the court alone ; *Kline* v. *Baker*, 99 Mass. 253 ; and it does not appear that any instruction was given to the jury as to the laws of Kentucky in relation to warehouses or warehouse receipts, or that those. laws had any bearing upon any question raised in this case. Apparently the introduction of this evidence was entirely immaterial, and nothing is stated to show that the defendant could have been in any way prejudiced by it.                    *Judgment on the verdict.*