HARVEY P. WASSERBOEHR *vs.* THEODORE BOULIER.

Penobscot.   Opinion January 12, 1892.

*Intoxicating liquors.   Sale.   Constitutional law.*

</div>

The plaintiff, a wholesale liquor dealer in Boston, through his agent at the defendant's shop in Old Town, contracted to send the defendant five barrels of whiskey and one barrel of port wine in original packages, and that the defendant should have ten days after receiving the liquors in which to return them if they were not satisfactory. The liquors were shipped to and received by the defendant, and a part of them returned. In an action for the price, *Held*: That the sale was made in Maine, notwithstanding the order was filled in Boston and delivery was there made to a common carrier; that the sale being conditional it became a completed contract after the arrival of the liquors at the place of their destination in Maine.

It was not a sale of liquors in original packages, inasmuch as the sale by its terms was conditional, executory and incomplete until the defendant had received, unsealed and sampled them.

That moment the sale was illegal by the laws of this State.

ON REPORT.

The parties agreed, that if the plaintiff sustained his claim at the law court, damages were to be settled by the clerk, otherwise a nonsuit to be entered.

This was an action of assumpsit, with account annexed for intoxicating liquors sold and delivered; the defendant pleaded the general issue, with brief statement, alleging that the sale was in violation of the law and statutes of this State.

The facts are fully stated in the opinion.

*C. A. Cushman*, for plaintiff.

First, we claim that the sale was made in Boston, Massachu-- setts, where the sale was legal.

Second, that the goods were imported in original packages, and that the sale having been made by the plaintiff in Boston, Massachusetts, who was duly licensed as a wholesale dealer, is entitled to recover pay for said liquors, in the courts of Maine. *Leisy* v. *Hardin*, 135 U. S. 100 ; *Torrey* v. *Corliss*, 33 Maine, 333 ; *Banchor* v. *Cilley*, 38 Maine, 553 ; *State* v. *Burns*, 82 Maine, 558. A bargain made for a certain quantity of liquors, to be set apart, and delivered by the seller in one state, and the liquors are accordingly separated, and put on a railway in that state, and is so transported to the purchaser in another state, the sale is no violation of the law in the latter state. *Boucher* v. *Warren*, 33 N. H. 185 and 215 ; *Tuttle* v. *Holland*, 45 Vt., 542.

So a sale of spirituous liquors, to be forwarded to the purchaser, in a state by railway, made by a licensed dealer, in another state, upon an order taken in the former state, by an agent having no authority to make sales, is a sale in the latter state, and a note given for the price of such liquors is valid, *Fuller* v. *Leet*, 59 N. H., 165.

Congress, may authorize a person to import intoxicating liquors, and sell the same in original packages. *State* v. *Burns*, 82 Maine, 558.

*P. H. Gillin*, for defendant.

FOSTER, J. The plaintiff, a wholesale liquor dealer, residing in Boston, seeks to recover a balance of two hundred and forty-one dollars and fifty-five cents for intoxicating liquors sold the defendant upon an order given to the plaintiff's agent or traveling salesman, at the defendant's shop in Old Town in this State. The contract with the agent was, that the plaintiff should send the defendant five barrels of whiskey and one barrel of port wine in original packages, and that the defendant was to have ten days after receiving the goods in which to return them if they were not satisfactory. The plaintiff filled the order and shipped the liquors to the defendant. A part of them were returned.

We do not think the plaintiff is entitled to recover for reasons which we shall state.

It is contended on the part of the plaintiff that the delivery  ·

of the liquors, which had been ordered by the defendant, to a common carrier in Boston, the plaintiff being duly licensed to sell at wholesale, for transportation to the defendant, was in law a delivery to him there, and that this delivery was a completion of the sale in Massachusetts, and that the sale being valid by the laws of that state the defendant is liable for their value.

The first question to be considered is, whether the sale was made in Maine or Massachusetts. The validity of the sale may depend upon the decision of this question. For it is a general principle of law that the validity of a contract is to be decided by the law of the place where it was made unless either expressly or impliedly it appears that it is to be performed elsewhere. And it is also an established principle that if valid by the law of the place where made it is generally valid everywhere, and if, in the jurisdiction where made, the law would enforce it, it will be enforced in the jurisdiction to which a party may be compelled to resort for a remedy for its violation. But to this rule there is this exception, that no state or nation is bound to recognize or enforce contracts which are injurious to its own interests, or the welfare of its people, or which are in fraud or violation of its own laws. *Banchor* v. *Mansel*, 47 Maine, 58, 60 ; *Smith* v. *Godfrey*, 28 N. H. 379 ; *Hill* v. *Spear*, 50 N. H. 253.

It was in accordance with these general principles that the courts have held that the price of liquors sold and delivered in a state where such sale is legal, and nothing remains to be done by the vendor to complete the transaction, can be recovered in another state where such sale would be illegal. *Torrey* v. *Corliss*, 33 Maine, 333 ; *Banchor* v. *Cilley*, 38 Maine, 553 ; *Orcutt* v. *Nelson*, 1 Gray, 536 ; *McIntyre* v. *Parks*, 3 Met. 207 ; *Milliken* v. *Pratt*, 125 Mass. 374 ; *Scudder* v. *Union Nat. Bank*, 91 U. S. 406. Though it is otherwise if the contract contains any ingredient or participation on the part of the original vendor that the goods shall be illegally sold, or that he shall do any act, beyond the mere sale, to assist or facilitate the illegal act, or to aid the purchaser in his unlawful design in the subsequent unlawful disposition of the goods, or if the goods are to be delivered in the place where the sale is prohibited. *Smith* v.

*Godfrey*, 28 N. H. 379; *Banchor* v. *Mansel*, 47 Maine, 58; *Hill* v. *Spear*, 50 N. H. 253; *Lindsey* v. *Stone*, 123 Mass. 332; *Wilson* v. *Stratton*, 47 Maine, 120, 126, 127. This principle is illustrated in the case of *Tyler* v. *Carlisle*, 79 Maine, 210, 212, which was an action to recover money lent to be used for gambling purposes, and the distinction is there drawn between the mere loaning of money with a knowledge it is to be so used, and a loan made with the express understanding, intention and purpose that it is to be used to gamble with.

But omitting all consideration of the question whether the original vendor had knowledge of the intended illegal disposition of the liquors by the vendee, or participated in assisting or facilitating the vendee in any unlawful acts, in relation to them, we think the plaintiff cannot maintain his action for other reasons.

1. The sale was not made in Massachusetts, notwithstanding the order was filled in Boston and delivery there made to a common carrier. It became a completed contract after the arrival of the goods at their place of destination in Maine. The sale was conditional. The defendant was to have ten days in which to test the liquors, and if not satisfactory to return them. And in such case it has been held that the sale is not complete until after the delivery is made and the purchaser has had an opportunity to make his election.

Thus in *Wilson* v. *Stratton*, 47 Maine, 120, the contract was for intoxicating liquors between a vendor in Massachusetts and a purchaser in this State, in which it was stipulated that, after the goods were delivered here, the purchaser need not pay for them unless they suited him; and the court held that the sale was not complete until after delivery was made in this State and the purchaser had an opportunity to make his election. Mr. Justice RICE, in delivering the opinion of the court says: "The contract in this case was conditional; upon a condition precedent. That condition could not, under the circumstances, be determined until the goods came to the defendant's hands. Until he had determined whether the liquors were just what he wanted in all respects, or had a reasonable opportunity to do so, the contract was incomplete. *Crane* v. *Roberts*, 5 Maine,

419 ; *McConners* v. *McNulty*, 1 Gray, 139 ; *Grout* v. *Hill*, 4 Gray, 361." See also *Ballantyne* v. *Appleton*, 82 Maine, 570, where the general rule is given, that where the buyer is by the terms of the contract bound to do anything as a condition, either precedent or concurrent, on which the passing the title depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer. *Hotchkiss* v. *Hunt*, 49 Maine, 213 ; *Suit* v. *Woodhall*, 113 Mass. 391 ; *Weil* v. *Golden*, 141 Mass. 364 ; *Webber* v. *Doran*, 70 Maine, 140.

2. Nor can the contract be upheld as being a sale of liquors in original packages. The contract being conditional, with the right in the purchaser of ten days in which to ascertain whether the liquors were satisfactory or not, and if not to return them, must be construed as giving the purchaser the right of breaking and examining the packages. The sale was not only conditional, but was executory and incomplete until the defendant had received, unsealed and sampled the goods. That moment the sale was illegal by the laws of this State, and subjected the vendor to the penalties provided for the illegal sale of intoxicating liquors. He had no more right to complete the sale from such packages, or to sell from the packages after they were once unsealed or broken, than any other liquor seller, and neither the constitution of the United States, nor any decision of the courts can afford protection to him and shield his acts from the penalty for offenders against the laws of our own State. No importer, even under the constitution and decisions of the courts, is guaranteed the right of opening original packages which he may be allowed to import and selling the contents of such packages either in gross or by piecemeal. His right extends only to selling in the original packages. This is the doctrine enunciated not only by our own court in *State* v. *Robinson*, 49 Maine, 285 ; *State* v. *Blackwell*, 65 Maine, 556 ; and *State* v. *Burns*, 82 Maine, 558, 568, — but also by the Supreme Court of the United States in *Leisy* v. *Hardin*, 135 U. S. 100.

*Plaintiff nonsuit.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and WHITEHOUSE, JJ., concurred.