TOWN TAXI, INC. *vs.* ERNEST J. GOULSTON.

Suffolk.    May 21, 1934. — June 29, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

Contract, Validity. *Elections.* Evidence, Presumptions and burden of proof. *Practice, Civil,* Appeal, Exceptions.

Where, in an action for breach of a contract, the defendant alleges in his answer that the contract is illegal and void, the burden is on him to prove such illegality.

In an action by a taxicab company for the rental of taxicabs hired by the defendant of the plaintiff, the defence was that the contract of hire was in violation of G. L. (Ter. Ed.) c. 55, § 6. It appeared that the taxicabs so hired were used by a committee campaigning for the election of a certain candidate for the office of president of the United States, and also for the purpose of electing candidates to State offices; that the defendant, before hiring the taxicabs, had contributed $1,000 to said committee; and that the plaintiff had reason to believe that the rental of the taxicabs would exceed $1,000. It did not appear that the plaintiff contracted with the defendant with the knowledge that the defendant had made such contribution, or that the defendant in providing the hired taxicabs was making an additional contribution, or that the defendant was not "acting under the authority or in behalf of a political committee having a treasurer," or that he was not to be reimbursed by

said committee for any money paid by him to the plaintiff in their behalf. *Held*, that

(1) It could not properly be said that the plaintiff knowingly participated in a transaction intended to accomplish a purpose forbidden by law; at most, the plaintiff merely had reasonable cause to believe that the defendant entertained a purpose to violate the law, but had no actual knowledge of the illegal purpose and no intention to promote it;

(2) The plaintiff was entitled to recover.

After the entry in an action of an order for judgment upon the report of an auditor whose findings were to be final, a party cannot carry the action to this court both by way of an appeal and by way of exceptions; and an action which came before this court in such circumstances was considered on the exceptions, the appeal being ordered dismissed.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 8, 1930.

Upon removal to the Superior Court, the action was referred to an auditor whose findings were to be final. Material findings by him are stated in the opinion. A motion by the plaintiff for judgment upon the auditor's report was heard by *Weed*, J., who "found" for the plaintiff upon the report in the sum of $1,738.90. The defendant appealed and also alleged exceptions.

The case was submitted on briefs.

*E. M. Dangel, E. J. Ziegler, & A. E. Kahn,* for the defendant.
*R. R. Sullivan,* for the plaintiff.

PIERCE, J. This is an action of contract to recover on an account annexed for taxi services, ordered by the defendant and furnished by the plaintiff in connection with the so called "Hoover political campaign." The answer is a general denial, payment, and that the contract was illegal and void because made in violation of G. L. c. 55, § 6, as amended by St. 1928, c. 212, § 6. The action was referred to an auditor whose findings of fact were final.

G. L. c. 55, § 6, as amended by St. 1928, c. 212, § 6, so far as pertinent provides: "No person or combination of persons shall in connection with any nomination or election receive money or its equivalent, expend or disburse or promise to expend or disburse the same, except as authorized by this chapter. A political committee or a person acting under the authority or on behalf of such a committee may receive money or its equivalent, or expend or dis-

burse or promise to expend or disburse the same for the purpose of aiding or promoting the success or defeat of a political party or principle in a public election or favoring or opposing the adoption or rejection of a question submitted to the voters, and for other purposes expressly authorized by this chapter subject, however, to the provisions thereof. Any individual, not a candidate, may contribute to political committees or to candidates a sum which in the aggregate of all contributions by him shall not exceed one thousand dollars in any election and primary preliminary thereto."

The auditor found that shortly prior to November 6, 1928, the defendant hired of the plaintiff taxicabs to be used on November 6, 1928, for the so called "Hoover political campaign" without an agreement as to the exact number; that the defendant and his agents were to designate the number of taxicabs needed; that the defendant, on November 5, 1928, notified the plaintiff to send certain taxicabs to named addresses on November 6, 1928; that the plaintiff furnished and the defendant used forty-one taxicabs for which the defendant agreed to pay at the rate of $3 per hour; that certain other taxicabs were furnished for which the defendant agreed to pay regular meter rates; that the taxicabs were actually used by the Hoover campaign committee and the persons using them also used the same for the purpose of electing candidates to State office; that, prior to the making of said contract, the defendant had contributed to the Hoover campaign committee $1,000; and that the plaintiff knew or should have known that the contribution of taxicabs would amount to more than $1,000. No finding is made that the plaintiff knew of the prior contribution of $1,000. The auditor ruled that G. L. c. 55, § 6, as so amended, does not apply to the election of president of the United States and found that, if said ruling is correct, the plaintiff is entitled to recover $1,320.90 with interest from November, 1928, the date of demand made upon the defendant for payment.

After the draft report was finally settled, no objections were brought in by either party and the report was filed.

The plaintiff moved that judgment be entered in its favor on the auditor's report. After a hearing on said motion confined solely to the auditor's report, the judge "found" for the plaintiff upon the report in the sum of $1,738.90.

The defence to this action is based wholly on an assumed violation of G. L. c. 55, § 6, as so amended. The burden of proof to establish such illegality is upon the defendant. *Savoy Finance Co.* v. *De Biase*, 281 Mass. 425. The contract between the plaintiff and defendant was not illegal in its inception, nor was the consideration illegal or prohibited by statute or common law. The report contains a finding that the Hoover campaign committee actually used the taxicabs. There is no evidence reported nor finding to the effect that the plaintiff contracted with the defendant with knowledge that the defendant had contributed $1,000 to the Hoover campaign committee, nor that the defendant in providing the hired taxicabs was making an additional contribution, nor that the defendant was not "acting under the authority or on behalf of" a political committee, nor that he was not to be reimbursed by said committee for any money paid by him in behalf of the committee to the plaintiff. The finding of the auditor that "The plaintiff knew or reasonably should have known that the contribution of taxicabs would amount to more than $1,000," on the facts amounts to no more than a finding that the plaintiff had reason to believe, on November 5, that taxicabs needed on November 6 would probably exceed $1,000 in hire cost. The case is not one where the plaintiff, a seller, knowingly participates in a transaction intended to accomplish a purpose forbidden by law, but is one where a person at most had reasonable cause to believe that the purchaser, or hirer, entertained a purpose to violate the law, but had no actual knowledge of the illegal purpose and no intention to promote it. *Foster* v. *Thurston*, 11 Cush. 322, 323. *Haller* v. *Workingmen's Co-operative Bank*, 263 Mass. 37, 39. *Adams* v. *Coulliard*, 102 Mass. 167. *Ely* v. *Webster*, 102 Mass. 304. Assuming with the defendant, but without decision, that the ruling of the auditor that G. L. c. 55, § 6, as so amended, did not apply to an election

of the president of the United States was error, we, nevertheless, are of opinion that the plaintiff was entitled to recover the sum found by the auditor, and by the judge on the report, without that ruling.

The defendant filed a bill of exceptions and also appealed. The case cannot rightly come before us in both ways. We think the rights of the defendant can be fully protected by considering the case on exceptions and dismissing the appeal.

*Exceptions overruled.*
*Appeal dismissed.*