Jackson, J.
There is no doubt that the conveyance, on which the question in this case arises, would have been deemed * an advancement according to the statute in force at [ * 439 ] the time when the deed was made. The terms of the *434 deed are within the letter, and according to the obvious meaning, of the statute of 1783, c. 36, <§> 7, which determines what shall be considered advancing a child by settlement in the lifetime of the parent. If, then, the intestate had died before the 1st day of July, 1906, there could have been no doubt in the case. By,the sixth section of the statute of 1805, c. 90, it is enacted that that act shall be in force from and after the 1st day of July then next; after which day all acts and parts of acts before passed, so far. as they come within the purview of that act, shall cease, and have no further effect, excepting as to the estates of persons who shall die before that act shall be in force. We have now to decide whether this general repealing clause destroys the effect of a settlement, previously made by the intestate as to a part of his estate, according to the provisions of the statute in force when the settlement was made.
Many rules have been established to aid and guide the discretion of courts in the construction of statutes, the object of all which is to ascertain the true intent and meaning of the legislature. For when that meaning is clearly expressed, or is satisfactorily ascertained, the only duty of the Court is to execute the law accordingly, if it be not inconsistent with the provisions of the constitution.
It is a general rule, applicable to all laws, that, generally, they are to be considered as prospective, and not to prejudice or affect the past transactions of the subject. Nova constitutio futuris formam imponere debet, non prceteritis. (2) It is not intended, by this rule, that the legislature cannot, in some cases, make laws with a retrospective operation. Laws for the limitation of actions are frequently of that description. But this effect is not to be given to a statute, unless such intention is manifestly expressed; especially if it tends to produce injustice or inconvenience.
The statute of 1805 was made to regulate the descent [ * 440 ] * and distribution of intestate estates. This is the general object and purview of the act; and, so far as respects this object, all other laws are repealed. In the third section, it is enacted that all gifts or grants, made in a certain manner by the intestate to any child, shall be deemed to be in advancement of such child’s portion. This provision is in its nature prospective. The law could not prescribe a form for conveyances already executed. Whilst the statute regulates the distribution of estates, of which the owner has made no disposition, it is not intended to impair the right, which he before enjoyed, of making any other disposition, by will or other legal instrument, in his lifetime. It may, then, have it» full effect, as to the settlement of all estates that are to be distrib *435 uted according to its general provisions, and yet leave in full power a settlement, already made in legal form by the owner, according to his acknowledged rights. The former statute is repealed, so far as respects advancements to be thereafter made: it is to have no effect in the construction of deeds, or other conveyances which shall be made for that purpose. But deeds previously made may still be construed according to the laws in force at the time of their execution.
The legal effect of the deed in question, when made, was to bar the appellant pro tanto of his portion of his father’s estate. We must take this to be the intent of the grantor, and that it was assented to by the grantee. The statute of 1783, c. 36, is peremptory and conclusive on this point. It enacts that any deed, made by a parent to a child for love and affection, shall be deemed advancement; and we cannot hear any evidence to contradict the deed, or to control or vary this legal construction of the clear and unambiguous expressions it contains. This is not like the case of Scott vs. Scott, cited in the argument. There, besides the consid eration of love and affection, there was also a consideration of money expressed in the deed, which was held sufficient to open the inquiry as to the nature and extent of the valuable consideration which operated in the conveyance.
* It is not to be supposed the legislature intended, by [ * 441 ] the statute of 1805, to destroy the legal effect and operation of a deed made under the circumstances of that under con sideration, and thus to rescind an agreement fairly executed between parties capable of contracting, and made with all the forms then required by law. The deed was absolute and effectual against the grantor; it contained no condition, nor any power to revoke or rescind it. Will the law, then, give effect to one part of a deed, viz., the conveyance to the appellant, and destroy the.other part, which appears to have been the only equivalent for the conveyance, and the only motive for making it, that is, the deduction pro tanto from the portion of the appellant ? We think the words of the statute may be satisfied without giving to them this construction.
There were two modes of settling and distributing the estate of a person deceased—one, ex institutions legis, according to the statute of distributions; and the other, ex provisions hominis, by will, or other lawful disposition thereof by the deceased in his lifetime. The new law made some change in the first mode; but where the party had already made such lawful disposition of his estate, in whole or in part, the case must have been considered as not within the new statute ; which could not have been intended to defeat o» disturb any lawful settlement already made.
*436 In giving a construction to a new statute, we are not to expect much aid from adjudged cases. There are some, however, which strongly corroborate the opinion we have now expressed. In the case of Helmore vs. Shuter, (3) the testator had promised, by parole, without any note or memorandum in writing, in consideration of marriage, to pay in his lifetime, or to leave by his will, 2000Z. to the plaintiff. The promise was made in February, 1676, and the testator died in August, 1677. In the mean time, the statute of 29 Car. 2, c. 3, was made, by which it is enacted that, from and after the 24th day of June, 1677, no action shall be brought, whereby to charge any person upon any agreement in consideration [ * 442 ] of marriage, unless some note or memorandum * thereof be in writing, signed by the party, &c. And it was adjudged that the statute did not annul this promise, nor defeat the action; although, in this case, there was no breach, and, of consequence, no cause of action, until after the statute came into operation.
In the argument of the case cited, it was said that the judges had recently expressedmn opinion as to another part of the same stat ute, which requires a devise of land to be by will in writing attested, and subscribed by three witnesses. A will was made before the statute, without being attested by three witnesses, and the testator died after the statute; yet the will was held good. This same case is reported in 2 Mod. Rep. 310, under the name of Gilmore vs. Shooter, where this construction of the statute, as to a will, is attributed to the Court, in giving the reasons of their opinion in the principal case, instead of being merely stated by the counsel in their argument.
There are also two modern cases, which have a strong analogy to the present, and tend to confirm the opinion we have formed. They are the cases of Couch vs. Jeffries, (4) and Williams vs. Pritchard. (5)
We are, therefore, all satisfied that the deed made to the appellant, in the case at bar, must be considered in advancement of his portion of his father’s estate; and that the decree of the judge of probate must be affirmed, (a)

Decree affirmed, with costs for the respondents.

ADDITIONAL NOTE.
[See Paine vs. Parsons, 14 Pick. 318. — Hawley vs. James, 5 Paige, 318. — Powel vs. Powell, 5 Dana. 169.
*437 If a parent purchase land in his son’s name, it is primd facie an advancement, and rebuts the presumption of a resulting trust for the father. — Phillips vs. Gregg, 10 Watts, 158.
.In Tennessee, if a parent purchase property from a third person, and procure the conveyance to be made directly to his child; it is an advancement. — Haywood vs. Moore, 2 Humph. 588.
A child, advanced by his parent, can claim an equal share with other children, by throwing his share into hotchpot, only in case of intestacy.—Newman vs. Wilbourne) 1 Hill, (Ch.) 10 — See Sturdevant vs. Goodrich, 3 Yerg. 95.
If the will directs that each child shall be charged with what the testator has given him or charged on his book, such charges may be shown to be false or excessive. — Hoak vs. Hoak, 5 Watts, 80. — See Musselman, &c. 5 Watts, 9.
See Earnest vs. Earnest, 5 Rawle, 213. — Porter vs. Collins, 7 Conn. 1. — State vs. Jameson, 3 Gill & J. 442. — Hopkirk vs. Randolph, 2 Brock. 132.— Goodell vs. Taylor, Wright, 82.— Clark vs. Warner, 6 Conn. 356.
Haverstock vs. Sarbach, 1 Watts Serg. 390. — F. H.]

 2 Inst. 292.

 2 Show. 16.

 4 Burr. 2460.

 4 D. & E. 2.

 [Somerset vs. Dighton, 12 Mass. Rep. 383.— Medford vs. Learned, 16 Mass. Rep. 215.— Dash. vs. Van Kleek, 7 Johns. Rep. 177. — Society for Propagating the Gospel vs. Wheeler, 2 Gal. 105. — Ed.]