Davis v. O'Ferrall.

Judgment reversed.

*Smith* and *McKinlay*, for appellant.

*Clark*, *Bissell* and *D. S. Wilson* for appellee.

---o·ᴓ·o---

## DAVIS *v.* O'FERRALL.

Under the statute of 1839, as at common law, the widow is entitled, during her natural life, to one third part of all the lands and tenements in which her husband was seized, at any time during coverture.

The Code provides that the widow's dower shall be one third of her husband's real estate, in fee simple.

Courts favor dower, but this rule should not be carried so far as to impair vested rights, by giving a statute a retrospective operation.

Every statute which takes away, or impairs vested rights, acquired under previous laws, must be considered retrospective, and opposed to sound principles of jurisprudence.

The Code does not operate retrospectively in reference to dower, consequently when the husband conveyed his title to land, without the wife's relinquishment, before the Code took effect, and died subsequently, the widow 'is entitled to dower, for life only, according to the law in force at the time of sale.

### *Appeal from Dubuque District Court.*

*Opinion by* GREENE, J. This suit was commenced in the county court of Dubuque, by Jane B. O'Ferrall against Timothy Davis, for dower in lot 477, A, in the city of Dubuque, which was deeded by F. K. O'Ferrall to E. M. Bissell, in 1840.

The plaintiff recovered, and one third of the lot in ques-

tion, was set apart to her in fee simple. On appeal to the district court, this judgment was affirmed.

The only question involved in this case is, whether the demandant is entitled to dower in fee simple, or only to a life estate.

The statute in force at the time O'Ferrall conveyed the lot to Bissell, was that of 1839, p. 485, which authorized dower in the wife, according to the course of the common law. Under this law the widow is entitled, during her natural life, to one third part of all the lands and tenements in which her husband was seized, at any time during coverture.

But as O'Ferrall died after the Code took effect, and as the Code provides that a widow's third of the real estate shall be in fee simple, it is claimed that Mrs. O'Ferrall shall have absolute title to the dower estate set apart to her. In support of this position, it is argued that the dower estate, during the husband's life, is inchoate and contingent, and is subject to legislation. So far as such legislation affects merely the dower, as between the husband and the wife, or widow and the heirs, or so far as it relates to the property, at the time of his death, the doctrine assumed for the doweress, would be appropriate, and without serious objection; but not so when such legislation would affect the rights of innocent purchasers. Vested rights and the obligations of contracts should not be impaired.

Although the doctrine seems to be universally recognized that courts favor dower, this favor should not be carried so far as to do violence to fundamental principles, and to the rights of *bona fide* purchasers. As the law under which a contract is made, enters into and becomes a part of it, surely the law in force at the time the sale and conveyance were made, should govern in preference to a subsequent law, which did violence to the intentions of the parties, and impaired their contract.

At the time of the sale, O'Ferrall's interest in the land

12*

was subject only to the contingent dower estate, for life. The purchaser bought subject to that contingency, knowing that if it ever became an incumbrance upon his land, it could be but temporary, and then the entire estate would revert to him and his legal representatives. As Bissell bought O'Ferrall's entire interest in the lot, subject only to dower for life, upon the contingency of survivorship, it follows that his title to the property was fully vested, and could not be impaired by subsequent legislation. Every statute which takes away or impairs a vested rght, acquired under previous laws, must be considered retrospective, and opposed to those principles of jurisprudence which have received universal commendation. But there is nothing in the Code in reference to the rights of wives and widows, that contemplates a retrospective operation, and therefore no such construction can be justified. *Whitman* v. *Hopegood*, 10 Mass., 437 ; *Somersett* v. *Dighton*, 12 ib., 383, 385 ; *Medford* v. *Learned*, 16, ib., 215.

The Code completely abrogates the general doctrine of dower. It substitutes a new system, and makes the wife, in effect, a joint owner of one third of all real estate in which the husband, at any time during the marriage, had a legal or equitable interest. In like manner, the husband is entitled to the same interest in the lands acquired by the wife, and so far as the conveyance is concerned, a wife may convey as a *feme sole*, having a joint interest in the land, or " in the same manner as other persons." A change so complete can have no connecting link with, or retroactive effect upon prior statutes regulating a wife's dower. And as the husband was not at any time seized of the land in question, under the Code, it can impart no validity to the claim that the widow's life estate was thereby converted into an absolute title in fee. If one third of an estate for life can thus be converted by retrospective construction into an absolute fee, upon the same principle, one-half or three-fourths of the real estate, sold for a full consideration by the husband, may be legislated and construed from the

Davis v. O'Ferrall,

defenseless purchaser, to the cravings of the insatiable widow.

We greatly admire and would proudly support the liberality of our laws, in making bountiful endowment for widows, but we cannot carry that liberality so far as to make laws operate retrospectively, and thus impair the obligation of contracts. We would give them their full share of the husband's estate ; we would incline strongly towards them in doubtful or evenly balanced cases, and enforce every legal safeguard for the wife's benefit, but we cannot, with all our prediliction for them, trample vested rights under our feet, and deprive purchasers of their long established rights, by giving to prospective laws a retrospective power. The case of *Reynolds* v. *Reynolds*, 24 Wend., 193, and other cases cited in support of the decision below, fall far short of the facts and principles involved in this case.

If O'Ferrall had at any time been seized of the lot in question, after the Code took effect, it would then follow that the widow should have her joint interest in the property, agreeable to that law. But as he had transferred his title to the lot long before, and as that part of the Code does not claim to divest antecedent rights, we can find nothing in principle or authority to justify the demandant's claim.

We conclude, then, that the appellee can only claim dower for life, under the statute in force at the time her husband aliened the property ; and that the rights of the purchaser could not be impaired by subsequent legislation.

Judgment reversed.

*T. Davis* , *Clark* and *Bissell*, for appellant.

*Smith & McKinlay*, for appellee.