CITY OF WORCESTER *vs.* INHABITANTS OF BARRE.

Worcester. Oct. 3. — Nov. 1, 1884. C. ALLEN & COLBURN, JJ., absent.

The St. of 1881, c. 188, which provides that no person actually supporting himself and his family shall be deemed a pauper, because of the commitment of his wife or minor child to a lunatic hospital, &c., and his inability to maintain them therein, is prospective only in its operation.

CONTRACT for the support of the wife of George W. Gates in the state lunatic hospital at Worcester, as a pauper, from January 1, to June 30, 1882. Trial in the Superior Court, without a jury, before *Blodgett*, J., who reported the case for the determination of this court, in substance as follows :

The parties agreed that the defendant was liable if George W. Gates's settlement was in Barre during the time the support was furnished. It was further agreed that Gates, being more than twenty-one years of age, lived more than five years in Worcester next prior to October, 1881, but had his legal settlement in Barre during said five years; that his wife, having been duly committed to said hospital, was supported there as a pauper by the defendant, with the knowledge of Gates; that Gates paid no taxes in Worcester before October, 1881; and that in October, 1881, he applied to the collector of Worcester to be allowed to pay his poll taxes for the four years preceding, which had been duly assessed to him, and paid the same.

The judge found that Gates's settlement was in Worcester at the time the support for which this action was brought was furnished; and found for the defendant. If, on the facts agreed, Gates's settlement was in Barre, judgment was to be entered for the plaintiff.

*F. P. Goulding*, for the plaintiff.

*W.·S. B. Hopkins*, for the defendant.

DEVENS, J. By the law as it existed previously to the St. of 1881, c. 188, no person could acquire a settlement in any town in this Commonwealth by residence and paying taxes therein, if his wife was committed to a state lunatic hospital upon his complaint or with his knowledge, and remained there at the expense of any town or of the Commonwealth, without his paying for her support during any part of the time of residence necessary to give him a settlement. As it is the duty of the husband to support the wife so long as he is of sufficient ability to do so, aid and assistance furnished to her by public authority and according to law, when in present need of relief, at his request, or with his consent, was deemed equivalent to like aid and assistance furnished to the husband himself, and, for the time during which they were furnished, would render him a pauper, and thus prevent him at the same time from gaining a settlement, as he was not then so far a contributor to the common fund as to entitle him to relief therefrom if he should fall into distress. *West Newbury* v. *Bradford*, 3 Met. 428. *Taunton* v. *Middleborough*, 12 Met. 35. *Charlestown* v. *Groveland*, 15 Gray, 15. *Woodward* v. *Worcester*, 15 Gray, 19, n.

During the period in which George. W. Gates, the person whose settlement is in dispute, resided in Worcester, his wife was supported by the town of Barre in the state lunatic hospital, with his knowledge, as a pauper. He resided in Worcester for five years previously to October, 1881, and at that time paid his taxes, which had been duly assessed to him, for the four years next preceding. The St. of 1881, c. 188, which was approved on April 6, 1881, (Pub. Sts. c. 83, § 3,) enacted that "no person in this Commonwealth, actually supporting himself and his family, shall be deemed or designated as a pauper because of the commitment of his wife or minor child or other relative to any lunatic hospital, or other institution of charity, reform, or

correction, by order of a court or magistrate, and his inability to maintain them therein."

It is the contention of the defendant, that, while relief to a person as a pauper is an interruption to a period of residence, so as to that extent to defeat the gaining a settlement, the question what constitutes relief is a legal one for the court where the cause is properly pending; and that the St. of 1881 prescribes that the court shall not thereafter receive, as evidence that a party has been relieved as a pauper, the fact that his wife has, with his knowledge, been furnished with support in an insane hospital or other public institution.

There is no constitutional objection to a general law which alters the rules of settlement, although its effect may be to transfer from one town to another the obligation to support individuals who may become entitled to relief as paupers. Such rules are matters of positive and arbitrary regulation, in regard to which the Legislature is limited in its power only by its own judgment as to what is just and right between the various municipalities and the State. *Bridgewater* v. *Plymouth*, 97 Mass. 382. It is equally true that it may, in regard thereto, change the rules of evidence, prescribe the modes of proof, and make inadmissible certain proofs which were before admissible, or the converse. *Goshen* v. *Richmond*, 4 Allen, 458.

But, while this is so, it is not to be inferred that it is the intention of the Legislature retrospectively to change the rules of settlement, or to prescribe new rules of evidence which shall affect existing cases, unless this intent fairly appears by the terms of the act. The St. of 1881 is expressed in the future tense. Its object is to determine the status of the class to which it refers. While the general rule is still to prevail, that those who receive relief are not to be permitted to gain a settlement so long as this state of things continues, certain persons are to be excepted, and are not thereafter, on account of receiving relief in a particular way, to be deemed and designated as paupers. That they are still persons who are treated as receiving relief is shown by the last clause of the St. of 1881, which provides that " nothing herein contained shall release him from his present liability for the support of said dependent if possessed of sufficient means."

In our view, therefore, the act in question is prospective in its operation, and is intended, not as a rule of evidence merely, but to define the position under the pauper law of those whom it describes.                    *Judgment for the plaintiff.*