ABRAHAM TYLER *vs.* FRANCIS BRIGHAM & others.

Middlesex.   Nov. 17, 1886. — Jan. 10, 1887.   HOLMES & GARDNER, JJ., absent.

On the day of the date of a writ in which a bill in equity, by A. against B. to redeem land from a mortgage given by A. to B., was brought, C. bought A.'s equity of redemption in the land at a sale on an execution issued upon a judgment in an action against A., and a deed of such equity was executed and delivered to C., and was duly recorded. B. had previously assigned the mortgage and the note secured by it to C., and the assignment was duly recorded. Service of the writ was afterwards made on B., and C. was also made a party defendant. Neither the writ nor a copy was deposited in the office of the clerk of the court until subsequently, when the suit was entered. More than one year after the levy of the execution upon A.'s equity, C. conveyed the land by a quitclaim deed to A. B. received, while he held the mortgage, and before the

suit was begun, a certain sum, which was more than sufficient to satisfy the mortgage debt. *Held*, that the bill could not be maintained to redeem the land; that the bill should be dismissed as to C.; and that A. was entitled to a decree against B. for the amount so received by him.

On a bill in equity to redeem land from a mortgage, the defendant died pending the suit, and the executor of his will was made a party defendant. The bill was maintained only as a bill to recover a sum overpaid the original defendant by the mortgagor on the mortgage. *Held*, that execution should issue, as at common law, for the sum overpaid, with interest, against the goods or estate of the original defendant in the hands of the executor; and that another execution for costs should issue against the goods, estate, and body of the executor.

FIELD, J. This is a bill in equity, inserted in a writ, to redeem real estate from a mortgage given by the plaintiff to Francis Brigham in 1848. The writ is dated March 10, 1877, and service was made upon Brigham on May 17, 1877. Subsequently William P. Holden and Charles W. Holden were made parties defendant. Neither the writ nor a copy was deposited in the office of the clerk of the court until the entry in June, 1877, which must be taken as the time of the commencement of the suit. Gen. Sts. *c.* 140, § 24. At that time William P. Holden and Charles W. Holden were the owners of the mortgage and the mortgage note, by an assignment dated April 7, 1877, and duly recorded on April 9, 1877. On March 10, 1877, they also became the owners of the plaintiff's equity of redemption in the mortgaged real estate, by purchase at a sheriff's sale under an execution issued upon a judgment in an action against the plaintiff, in which his equity of redemption had been attached on mesne process on June 21, 1876, and a deed was duly executed and delivered to them of this equity of redemption, and was duly recorded. On May 13, 1878, the Holdens conveyed the premises described in the mortgage by a quitclaim deed to the plaintiff. At the time of this conveyance, more than one year had expired from the levy of execution upon the plaintiff's equity of redemption, and the plaintiff's right of redemption from the sale on execution to the Holdens was gone. When they conveyed to the plaintiff, the mortgage had merged in the equity, unless the agreement between the Holdens and the plaintiff, that they should purchase the equity and hold the premises in trust for him prevented such a merger. The quitclaim deed from the Holdens to the plaintiff conveyed whatever title they had to the premises, and conveyed an absolute fee simple, if the

mortgage had merged in the equity of redemption, and, if it had not, the deed conveyed the equity, and also operated as an assignment of the mortgage; and, on accepting this deed, the plaintiff became seised of an absolute estate in fee simple. See *Hunt* v. *Hunt*, 14 Pick. 374.

It thus appears, that, at the commencement of this suit, Francis Brigham did not hold the mortgage, and had no interest in it, or in the note secured by it; and that, since the commencement of this suit, the Holdens have conveyed both the equity of redemption and the mortgage to the plaintiff. The plaintiff cannot maintain his bill to redeem, as there is no outstanding mortgage.

The master has found that Francis Brigham received, before the commencement of this suit, and while he held the mortgage, a sum of money more than sufficient to satisfy the mortgage debt; and that the excess, with all due allowances, and with interest up to the date of the writ, amounts to $345.37. This sum the plaintiff could have recovered of Brigham in an action of contract, if no suit for redemption had been brought. Pub. Sts. *c.* 181, § 43. Gen. Sts. *c.* 140, § 30. The plaintiff properly brought a bill to redeem the land from this mortgage, as, at the commencement of the suit, the mortgage was outstanding; and, although Brigham had before this assigned the mortgage to the Holdens, he was properly made a defendant, because he had an interest in the account to be taken. In this suit, if the mortgage had remained in the hands of the Holdens, and if it appeared that either Brigham or the Holdens had received more than was due upon the mortgage, the plaintiff would have been entitled to "judgment and execution" against the defendants, "jointly or severally, as the case may require, for the sums received by them or either of them respectively" beyond the amount due on the mortgage. Pub. Sts. *c.* 181, § 36. The suit for the purpose of redemption has been defeated by the conveyance made by the Holdens to the plaintiff *pendente lite;* but, jurisdiction in equity having attached, the bill may be retained in order to determine whether Francis Brigham received, while he held the mortgage, more than the amount of the mortgage debt, and, this having been found, a decree may be entered for the plaintiff. As Francis Brigham has died

during the litigation, and Rufus H. Brigham, the executor of his will, has appeared and defended the suit, the decree should be substantially like a judgment at law.

The decree entered in the case is reversed; * the bill should be dismissed as to William P. Holden and Charles W. Holden; and a decree should be entered that the plaintiff recover of Rufus H. Brigham, as he is executor of the will of Francis Brigham, deceased, the sum of $345.37, with interest from the date of the writ, as debt or damages, and that the plaintiff recover his costs of suit of Rufus H. Brigham, and that execution, as at common law, issue for said debt or damages against the goods and estate of said Francis Brigham, deceased, in the hands of said Rufus H. Brigham, executor, and that another execution for said costs, to be taxed by the clerk, issue against the goods, estate, and body of the said Rufus H. Brigham.   See *Look* v. *Luce*, 136 Mass. 249.

*So ordered.*

*W. B. Gale & J. W. McDonald*, for the plaintiff.
*J. G. Abbott & J. T. Joslin*, for the defendants.

---

* The decree entered by the single justice was, that the plaintiff was entitled to redeem ; that the mortgage had been paid in full ; and that the defendant Rufus H. Brigham forthwith pay to the plaintiff the amount found by the master to be overpaid on the mortgage, with interest from the date of the writ.