Rufus H. Brigham, executor, *vs.* William P. Holden & another.

Middlesex.   January 16, 1888. — March 2, 1888.

Present: Morton, C. J., Devens, C. Allen, Holmes, & Knowlton, JJ.

*Promissory Note — Consideration — Evidence.*

If an agent of a mortgagor buys his equity at a sheriff's sale, and gives a note for the mortgage, which had been paid, evidence that he afterwards conveyed the land to the mortgagor for enough to cover the purchase money and the note is inadmissible to show a consideration for the note.

Contract upon a promissory note payable to the order of the plaintiff's testator, and signed by the defendants.  Answer, want and failure of consideration.  At the trial in the Superior Court, before *Knowlton,* J., the jury returned a verdict for the defendants, and the plaintiff alleged exceptions, which, so far as material, appear in the opinion.

*G. A. King*, for the plaintiff.

*W. B. Gale & J. W. McDonald*, (*J. P. Gale* with them,) for the defendants.

MORTON, C. J. Abraham Tyler, being the owner of a lot of land, mortgaged it to Francis Brigham, the plaintiff's testator. The equity was afterwards seized on an execution against Tyler, and the defendants became the purchasers at a sheriff's sale. While they owned the equity, Brigham presented his mortgage note and represented that it was due and unpaid. Thereupon the defendants took an assignment of the mortgage and gave the note in suit. It is now admitted that nothing was due on the mortgage. This being so, it was the duty of Brigham to assign or discharge the mortgage, and therefore there was no consideration for the note in suit. To meet this defence, the plaintiff offered to prove that more than a year after the giving of the note in suit the defendants sold to Tyler the land in question, and received from him, in money and a note for five hundred dollars secured by a mortgage upon the land, all that they paid at the sheriff's sale, and all that they agreed to pay Brigham by the note in suit.

The court rightly rejected this evidence. When the conveyance was made to Tyler, the defendants had a legal fee simple. If we assume that Tyler agreed to pay to them enough to indemnify them for what they had paid for the equity and for the Brigham mortgage, it is difficult to see how the plaintiff can derive any advantage from it. It does not supply a consideration for his note, nor furnish any reason why the estate of Francis Brigham should recover a sum of money to which it has no legal or equitable right. It might furnish to Tyler an equitable, or perhaps legal, defence against his mortgage note given to the defendants.

But it appears in the record of the case of *Tyler v. Brigham*, reported 143 Mass. 410, which record is a part of the evidence in the case at bar, that in the purchase of the equity and of the mortgage the defendants were acting as the trustees or agents for Tyler. This being so, it is clear that the defendants have no claim against Tyler on their mortgage, (unless there are other undisclosed equities between them,) if he is not required to pay the note in suit. They receive no advantage from the assign-

ment of the mortgage to them by Francis Brigham. Tyler, who has once paid the Brigham mortgage, gets the benefit of such payment, and thus the real equities of all parties are worked out in this suit.

The other exception taken by the plaintiff is not pressed, and we assume that it is waived. *Exceptions overruled.*