## COMMONWEALTH *vs.* JOHN HOMER.

Essex. November 5, 1890. — February 27, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Abortion — Evidence — Dying Declarations — Statute.*

The St. of 1889, c. 100, providing that in a criminal prosecution on the Pub. Sts. c. 207, § 9, for attempting to procure a miscarriage, the dying declarations of the woman shall be admissible in evidence, if her death is alleged to have been the result thereof, is prospective only in its operation, and does not apply to an indictment found after its passage for such an offence theretofore committed.

INDICTMENT returned into the Superior Court on the first Monday in May, 1890, charging that the defendant attempted to procure the miscarriage of Mary A. Roberts, on May 6, 1887; and that in consequence thereof the said Mary died on the same day. At the trial in the Superior Court, before *Hammond, J.*, the government, after evidence, which was contradicted, tending to prove the allegations of the indictment, offered in evidence the dying declarations of the said Mary. The defendant objected, on the ground that the St. of 1889, c. 100, was not applicable, having been passed since the alleged offence was committed; and it appeared that an indictment for the same offence, but not alleging the death of said Mary although she was then dead, had been returned against this defendant before that statute was passed. The judge ruled that the dying declarations were admissible, and they were put in evidence, and were to the effect that the defendant procured the abortion.

The jury returned a verdict of guilty; and the judge reported the case for the determination of this court. If such declarations were inadmissible, the verdict was to be set aside; otherwise, the verdict was to stand.

The case was argued at the bar in November, 1890, and afterwards, in February, 1891, was submitted on the briefs to all the judges.

*W. S. Knox*, for the defendant.

*H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. The Pub. Sts. c. 207, § 9, provide that who-
ever, with intent to procure the miscarriage of a woman, shall
do certain acts or use certain means, shall if the woman dies in
consequence be imprisoned in the state prison not exceeding
twenty nor less than five years, and if the woman does not die
in consequence shall be punished by imprisonment in the state
prison not more than five years or by a fine. The St. of 1889,
c. 100, provides : " In criminal prosecutions under and for viola-
tion of the provisions of section nine of chapter two hundred
and seven of the Public Statutes, where the death of the woman
is alleged to have resulted from the means therein described,
the dying declarations of such woman shall be admissible in evi-
dence." The defendant was tried on an indictment found after
the passage of the latter statute for an offence under the former,
alleged to have been committed before the passage of the latter,
in which the death of the woman was alleged to have resulted
from the means described. At the trial, the dying declara-
tions of the woman were admitted, against the objection of the
defendant.

The statute describes a single offence, that of using means
with a certain intent. The death of the woman is no part of
the offence. The indictment need not allege whether she did
or did not die, and if it alleges that her death was the result of
the means used, it is not an indictment for manslaughter. The
fact of the death affects the punishment only. *Commonwealth*
v. *Brown,* 14 Gray, 419. *Commonwealth* v. *Thompson,* 108 Mass.
461. The death of the woman is not the subject of the charge,
and her dying declarations are not admissible under the com-
mon law rule. *Rex* v. *Hutchinson,* 2 B. & C. 608, note. *People*
v. *Davis,* 56 N. Y. 95. *Railing* v. *Commonwealth,* 110 Penn. St.
100. The question, therefore, is whether the statute of 1889
has a retrospective effect, and renders the evidence competent
to prove an offence committed before its passage.

The defendant contends that, if the statute is construed to
apply to offences committed before its passage, it comes within
the constitutional prohibition of *ex post facto* laws, and refers to
the definition of such laws given in *Calder* v. *Bull,* 3 Dall. 386,
and *Cummings* v. *Missouri,* 4 Wall. 277. But there is no occa-
sion to consider this question, because we think that the statute

must be construed as prospective only in its operation. The language of the court in *North Bridgewater Bank* v. *Copeland,* 7 Allen, 139, is applicable to the case at bar: " The statute is equivocal and ambiguous in its terms, and might without doing violence to the words in which it is expressed be construed as retroactive. But such is by no means its necessary interpretation. On the contrary, it will have full meaning and effect, consistent with the fair import of its language, if it is held to be prospective only. The true rule of interpretation applicable to such enactments is well settled, and has been often recognized and affirmed by this court. It is, that all statutes are to be considered as prospective, and are not to be held to prejudice or affect the past transactions of the subject, unless such intention is clearly and unequivocally expressed. *Whitman* v. *Hapgood,* 10 Mass. 439. *King* v. *Tirrell,* 2 Gray, 331. *Gerry* v. *Stoneham,* 1 Allen, 319, 323. *Garfield* v. *Bemis,* 2 Allen, 446. No good reason can be given for excepting the statute under consideration from the operation of this wise and salutary rule." There is no express intention to make the St. of 1889, c. 100, retroactive in its operation, and none can be implied from the subject matter; it will have full effect if construed as prospective only, and, in the opinion of a majority of the court, it must be so construed. *Bickford* v. *Boston & Lowell Railroad,* 21 Pick. 109. *Robbins* v. *Holman,* 11 Cush. 26. *Goshen* v. *Richmond,* 4 Allen, 458. *George* v. *Reed,* 101 Mass. 378. *Abington* v. *Duxbury,* 105 Mass. 287. *Bucher* v. *Fitchburg Railroad,* 131 Mass. 156. *Shallow* v. *Salem,* 136 Mass. 136. *Worcester* v. *Barre,* 138 Mass. 101. *Commonwealth* v. *Hayes,* 149 Mass. 32. We all concur in the result.

*Verdict set aside.*