## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

EDGAR F. HANSCOM, trustee, *vs.* MALDEN AND MELROSE
GAS LIGHT COMPANY & others.
MALDEN AND MELROSE GAS LIGHT COMPANY
*vs.* FRANK E. CHANDLER.

Middlesex.   November 30, 1914. — December 31, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Statute,* Construction.  *Attachment,* Dissolution by death.  *Constitutional Law,*
Vested rights.  *Equity Pleading and Practice,* Parties, Motion for final
decree, Amendment, Answer.

It is irregular for a person whose rights are affected by a suit in equity to which
he is not a party to file a "stipulation" agreeing to be bound by the decree to be
entered in it.  To be affected by the proceeding the person concerned should
be made a party to the suit.
It is only statutes relating to remedies and not affecting substantive rights that
commonly are treated as operating retroactively.
Collection by RUGG, C. J., of cases in which statutes have been held to apply only
to causes of action subsequent to their taking effect.
St. 1913, c. 305, which amended R. L. c. 167, § 112, by providing that no attach-
ment of property shall be dissolved by the death of the debtor "upon that part
of the property which the debtor had alienated before his decease," which took
effect upon its passage, does not apply to a case where, although the death of
the debtor occurred after the passage of the statute, the attachment and con-
veyance both had been made before its passage.
*It seems,* that, if St. 1913, c. 305, which amended R. L. c. 167, § 112, by providing

VOL. 220.                    1

that no attachment of property shall be dissolved by the death of the debtor "upon that part of the property which the debtor had alienated before his decease," had contained a provision for its application to cases where the attachment and conveyance had been made before the statute took effect, such provision, if not the whole statute, would have been void as an attempt to transfer a vested property right from one person to another in violation of the Constitution of the Commonwealth and that of the United States.

If a plaintiff in a suit in equity, who has obtained a rescript in his favor, when moving for a final decree wishes, on account of events that have happened since the filing of his bill, to obtain relief beyond the scope of the bill, he must move for leave to amend the bill, and, if his motion is granted, the defendant has a right to demur or answer to the bill as amended, and the relief granted may be adapted to the facts and law existing at the time of the entry of the final decree.

No affirmative relief can be granted to a defendant in a suit in equity unless asked for in a cross bill.

Where in a suit in equity, after a rescript for the plaintiff, a motion for a final decree was filed, setting forth the death of the defendant since the filing of the bill and the appearance of the administrator of his estate, and asking for a final decree in accordance with the rescript ordering the payment of a sum of money and the issuing of an execution authorizing a levy upon certain real estate of the deceased defendant, which was attached on the original precept when the bill was filed and subsequently was conveyed by that defendant before his death, and the defendant administrator then filed what was termed "An answer to motion for final decree and execution," which was elaborate in form, the plaintiff's motion was treated as a motion to amend the bill and the answer was treated as an answer to the bill as amended, and the case was considered on that footing.

Rugg, C. J.   The Malden and Melrose Gas Light Company made an attachment of the real estate of Frank E. Chandler in October, 1906, in a suit in equity (211 Mass. 226).   On August 18, 1911, Chandler made conveyance of much of that real estate to Arthur W. Newell by a deed absolute in form (subject to the attachments) and at the same time they executed a memorandum of agreement setting forth the fact of the conveyance and stipulating that it was made as collateral security to protect the Fourth National Bank, now the Fourth Atlantic National Bank, for all loans then or thereafter made by the bank to Chandler, with power to sell and account for the proceeds, after satisfying all such indebtedness to the bank, to said Chandler or his heirs, executors or administrators.   Chandler died on June 30, 1913, largely indebted to the bank.   The plaintiff Hanscom has been appointed trustee in place of Mr. Newell, who has died.   The rescript in the suit of the *Malden & Melrose Gas Light Co.* v. *Chandler,* affirming the decree of the Superior Court, was made

on February 29, 1912. No final decree has been entered, but the plaintiff in that suit is now pressing for a decree.

Hanscom, as trustee, brings this suit to restrain the Malden and Melrose Gas Light Company from undertaking to make levy on the real estate formerly of Chandler, to declare the attachment dissolved by the death of Chandler and for other relief. It is in substance a suit to remove the cloud on his title.

The Fourth Atlantic National Bank has filed a "stipulation" agreeing to be bound by the decree to be entered. This is irregular. A person should be made a party to a suit in equity if he is to be affected by the proceeding.

The principal question hinges on the effect of St. 1913, c. 305, which became operative on its passage on March 19, 1913. That was after the attachment and after the conveyance by Chandler to Newell, but before the death of Chandler. This act amended R. L. c. 167, § 112, by adding to the provision that attachments of real and personal estate of a debtor not theretofore levied upon are dissolved by his death (with an exception not here material) the limitation that "no attachment of property, real or personal, shall be so dissolved upon that part of the property which the debtor had alienated before his decease."

The first matter to be decided is whether the statute, according to its right interpretation, applies to the facts of the case at bar. The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations. Doubtless all legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms. It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action. *Mulvey* v. *Boston,* 197 Mass. 178. *Adams* v. *Adams,* 211 Mass. 198. *American Locomotive Co.* v. *Hamblen,* 217 Mass. 513.

The general rule that statutes are prospective only in their effect has been applied to statutes respecting suits on bonds for

breach of liberty in prison yards, *Call* v. *Hagger*, 8 Mass. 423; evidence of an advancement, *Whitman* v. *Hapgood*, 10 Mass. 437; limitations of actions against executors and administrators, *King* v. *Tirrell*, 2 Gray, 331; *Page* v. *Melvin*, 10 Gray, 208; confirmation of illegal railroad location, *Commonwealth* v. *Old Colony & Fall River Railroad*, 14 Gray, 93; extension of equity jurisdiction, *Buck* v. *Dowley*, 16 Gray, 555; remedies against estates of deceased persons, *Garfield* v. *Bemis*, 2 Allen, 445; recovery of illegal assessments, *Gerry* v. *Stoneham*, 1 Allen, 319; abolishing usury as a defense, *North Bridgewater Bank* v. *Copeland*, 7 Allen, 139, *Whitten* v. *Hayden*, 7 Allen, 407; complaints for support of bastard children, *Wheelwright* v. *Greer*, 10 Allen, 389; validation as a corporation seal of a mere impression upon paper, *Bates* v. *Boston & New York Central Railroad*, 10 Allen, 256; sales of intoxicating liquor, *Hotchkiss* v. *Finan*, 105 Mass. 86; settlements and support of paupers, *Somerset* v. *Dighton*, 12 Mass. 383, *Commonwealth* v. *Sudbury*, 106 Mass. 268, *Cambridge* v. *Boston*, 130 Mass. 357, *Abington* v. *Duxbury*, 105 Mass. 287, *Worcester* v. *Barre*, 138 Mass. 101; suits against married women as if they were single and exonerating husband from liability for judgment in such suits, *Hill* v. *Duncan*, 110 Mass. 238, 240, *Towle* v. *Towle*, 114 Mass. 167, *McCarty* v. *De Best*, 120 Mass. 89; special judgment where the defendant has given bond to dissolve attachment, and becomes bankrupt, *Fickett* v. *Durham*, 119 Mass. 159, *Barnstable Savings Bank* v. *Higgins*, 124 Mass. 115, *Mosher* v. *Murphy*, 121 Mass. 276; removal of defense in personal injury suits of travelling on the Lord's day, *Bucher* v. *Fitchburg Railroad*, 131 Mass. 156, *Read* v. *Boston & Albany Railroad*, 140 Mass. 199; the admission of dying declarations upon indictments for procuring miscarriage, *Commonwealth* v. *Homer*, 153 Mass. 343; restricting the number of places licensed for the sale of intoxicating liquors, *Commonwealth* v. *Hayes*, 149 Mass. 32; the curing of certain defects in notices required in claims for personal injuries, *Shallow* v. *Salem*, 136 Mass. 136, *Dalton* v. *Salem*, 139 Mass. 91; the creation of an action of tort for death caused by negligence, *Kelley* v. *Boston & Maine Railroad*, 135 Mass. 448, *Holland* v. *Lynn & Boston Railroad*, 144 Mass. 425, *Gunn* v. *Cambridge Railroad*, 144 Mass. 430 n; bonds to be given to probate courts, *Conant* v. *Newton*, 126 Mass. 105; statements to be filed for mechanics' liens, *Pierce*

v. *Cabot,* 159 Mass. 202; revocation of will by marriage, *Swan* v. *Sayles,* 165 Mass. 177, *Ingersoll* v. *Hopkins,* 170 Mass. 401; divorces, *Burt* v. *Burt,* 168 Mass. 204, 207; damages accruing from fire set by locomotive, *Wild* v. *Boston & Maine Railroad,* 171 Mass. 245; violation of building ordinances, *Commonwealth* v. *Roberts,* 155 Mass. 281; restrictions of time within which suit may be brought for assessment against policy holders of a mutual insurance company, *Sanford* v. *Hampden Paint & Chemical Co.* 179 Mass. 10; approval by public boards, *Haverhill* v. *Marlborough,* 187 Mass. 150; deduction for good behavior in State prison sentences, *Murphy* v. *Commonwealth,* 172 Mass. 264, 277; changing effect of notice as foundations for action at law, *McNamara* v. *Boston & Maine Railroad,* 216 Mass. 506. The statutes considered in all the foregoing cases have been held to apply only to causes arising subsequent to their taking effect. The same rule prevails generally elsewhere. *Reynolds* v. *McArthur,* 2 Pet. 417, 434. *Murray* v. *Gibson,* 15 How. 421. *Chew Heong* v. *United States,* 112 U. S. 536, 559. *Cook* v. *United States,* 138 U. S. 157, 181. *Herrick* v. *Boquillas Land & Cattle Co.* 200 U. S. 96. *Union Pacific Railroad* v. *Laramie,* 231 U. S. 190, 199. *Cameron* v. *United States,* 231 U. S. 710, 720. *Dash* v. *Van Kleeck,* 7 Johns. 477, 502. *Lambard, Appellant,* 88 Maine, 587. *Gardner* v. *Lucas,* 3 App. Cas. 582, 597. *The Queen* v. *Ipswich Union,* 2 Q. B. D. 269. *Moon* v. *Durden,* 2 Exch. 22. *Knight* v. *Lee,* [1893] 1 Q. B. 41.

It is impossible to distinguish St. 1913, c. 305, as to its effect upon pending or past matters from those under consideration in these numerous cases.

Another and more decisive reason leads to the same conclusion. If the statute were construed to govern such a case as that here presented, it would be unconstitutional. The conveyance of the real estate to Mr. Newell vested in him all the right, title and interest of the owner, subject only to the attachment. It was a conveyance upon a valid and sufficient consideration. It was one which the grantor had a right to make and one which did not involve any fraud or prohibited preference. The grantee was a purchaser for value. The contract manifested by the conveyance and the property rights thereby transferred were entitled to all the securities conferred by the Constitution. When this conveyance was made, the law respecting the title was that the attach-

ment would be a lien superior to the conveyance provided the suit on which it was made should go to judgment and execution issue and be levied on the land during the life of the debtor. The law was equally clear that if the land was not so seized or taken, the attachment would be dissolved by the death of the debtor and the title free and clear of all lien arising from the attachment would vest in the grantee. The right to hold the real estate subject to that kind of an attachment in all its essential legal attributes was one of the incidents of the estate acquired by Mr. Newell. It was one of the elements which entered into the composition of the title which he took. Any increase in the legal burden imposed by these attachments affected adversely the quality of the estate conveyed. If it be assumed that the statute applies to the attachment in the case at bar, this would be the situation: Viewed in its practical aspect, the grantee of the debtor would now find himself possessed of an estate subject to an incumbrance different in a material degree from that which he bought. His reasonable expectation, based on the law at the time of his purchase, that his estate on the death of the debtor would be freed from all attachments, would turn into disappointment in finding that this attachment by reason of the subsequently enacted statute continued in full force, notwithstanding the death of the debtor. The converse is found as to the rights of the attaching creditor. Its lien acquired by the attachment, as the law stood at the time it was made, would vanish immediately upon the death of the debtor, if that event should occur before the land was seized or levy made upon execution. Now, with the aid of the statute, it would hold a lien, which had survived that event and become of great value, whereas the thing acquired at the time the attachment was made and preserved with its original infirmity up to the time of the conveyance to Mr. Newell would have shrivelled into something of small if of any value. The right of Hanscom here to be affected is not a mere possibility, resting wholly in expectancy. Its ripening into unincumbered possession was contingent only upon seizure or the levy of an execution before the death of Chandler. It is no more intangible than many interests' arising under wills and trusts which have been held to be vested. *Clarke* v. *Fay*, 205 Mass. 228, and cases there collected. In substance and effect the statute, if held to

apply to the case at bar, has taken away from the grantee of the debtor valuable property rights without compensation and has handed them over to the attaching creditor without price.

This would not be a mere change in practice or modification of remedy. It would transfer a vested property right from one person to another by the pure fiat of the Legislature. This is contrary to the guarantees of both the State and Federal Constitutions. It would be a taking of property without due process of law. The law as to the enforcement and effect of a contract at the time it is made cannot be changed to the detriment of either party. Such law enters into the terms of the contract and becomes a part of its obligation. *Louisiana* v. *Pillsbury,* 105 U. S. 278. *Seibert* v. *Lewis,* 122 U. S. 284. *Denny* v. *Bennett,* 128 U. S. 489, 494. *Brine* v. *Insurance Co.* 96 U. S. 627, 637. The force and effect of a deed cannot be changed by act of the Legislature to the harm of the grantee after its delivery without his consent.

Numerous decisions in principle cover this aspect of the case at bar. The time for redeeming from a tax sale, *Solis* v. *Williams,* 205 Mass. 350, 355; or from a sale on execution, *State* v. *Sears,* 29 Ore. 580; or from a mortgage foreclosure, *Bronson* v. *Kinzie,* 1 How. 311, *Barnitz* v. *Beverly,* 163 U. S. 118, cannot be lengthened as to current sales or mortgages. The Homestead exemption cannot be increased, *Gunn* v. *Barry,* 15 Wall. 610, *Edwards* v. *Kearzey,* 96 U. S. 595, nor the exemption from a mortgage foreclosure enlarged, *Reed* v. *Swan,* 133 Mo. 100, nor the dower right amplified, *Parkham* v. *Vandeventer,* 82 Ind. 544, to the detriment of outstanding mortgage interests.

Although it has been held in some jurisdictions to be within the power of the Legislature to extinguish a wife's right of dower before it has become consummate, yet, whether such decisions are consistent with the law of this Commonwealth by which an inchoate right of dower is recognized as a property right, is open to grave doubt. *Dunn* v. *Sargent,* 101 Mass. 336, 340.

The decisions relied on by the defendant are distinguishable. Statutes as to the laws of descent may be changed. Wills and settlements as to heirs speak as of the death of the testator or settlor, unless another time is definitely fixed by the written instrument. Hence heirs can have no vested rights until the death of the ancestor, when his heirs are determined. *Sewall* v. *Roberts,*

115 Mass. 262, 277. The law of taxation may be changed at any time. In the absence of some binding contract no one has a vested interest in the continuance of such laws. *Cahen* v. *Brewster,* 203 U. S. 543. Statutes validating contracts or mortgages void in their inception have been upheld in cases where no vested property interests have intervened, on the ground that they effectuate the intent of the parties and prevent one from refusing to pay for what he has received. *Wildes* v. *Vanvoorhis,* 15 Gray, 139. *Satterlee* v. *Matthewson,* 2 Pet. 380, 411. *McFaddin* v. *Evans-Snider-Buel Co.* 185 U. S. 505. *New Orleans* v. *Clark,* 95 U. S. 644. These stand on the general ground that they are in the interests of good morals and, as has been said, that there is "no such thing as a vested right to do wrong." *Foster* v. *Essex Bank,* 16 Mass. 245, 273. Statutes changing the period of limitations of actions have been upheld as applying to pending cases because they relate only to practice and procedure. Some of these, however, which have gone to the extent of permitting an action to be brought after it had been barred by the existing law as to limitations, *Danforth* v. *Groton Water Co.* 178 Mass. 472, *Dunbar* v. *Boston & Providence Railroad,* 181 Mass. 383, have been said to rest on "somewhat swampy ground." *Woodward* v. *Central Vermont Railway,* 180 Mass. 599, 603. A statute abolishing joint tenancies was upheld as to a deed previously executed, because it substituted another tenure more beneficial to all the tenants, *Holbrook* v. *Finney,* 4 Mass. 566. All these decisions may stand on the broad ground that they create a new remedy "for the protection of a prior right or for the redress of formerly existing grievances." *Selectmen of Amesbury* v. *Citizen's Electric Street Railway,* 199 Mass. 394, 395. The result is that the attachment of the Melrose and Malden Gas Light Company was dissolved by the death of Chandler and is now of no force or effect, and that company should be enjoined from attempting to enforce it.

Decree should be entered accordingly.

*So ordered.*


The case of MALDEN & MELROSE GAS LIGHT COMPANY *v.* CHANDLER comes before us on a reservation of the plaintiff's motion for a final decree after rescript. This motion sets forth in substance the death of the defendant and the appearance of

his administrators and asks for a final decree, in accordance with the rescript from this court, ordering the payment of the sum remaining unpaid after deducting certain partial payments and for an execution in form authorizing a levy upon such real estate of the deceased as was attached on the original precept and subsequently conveyed by the defendant during his life to Mr. Newell, all in reliance upon St. 1913, c. 305.

The defendant's administrators have filed what is termed an "Answer . . . to Motion for Final Decree and Execution." This is elaborate in form. It traverses the legal force of the facts and the applicability of St. 1913, c. 305, set forth in the plaintiff's motion, and asks certain affirmative relief.

This was irregular. Our practice makes no such full provision for motions for final decree as exists in England by statute. See 1 Dan. Ch. Pract. (6th. Am. ed.) 819 to 827. Perhaps all questions now presented could have been raised simply by setting down the case for hearing on the final decree. It was the plaintiff's duty as the prevailing party to prepare such final decree. The decree must conform to the frame of the bill. The matters set out in the plaintiff's motion would have formed appropriate matter for a bill of revivor or supplemental bill or both under original chancery practice. The requisite allegations to this end under our practice may be made by way of amendment to the original bill. Equity Rule 25. If the plaintiff thought that it was necessary for this purpose to set out further matters on the record, the proper form would have been to ask leave to amend the substance and prayers of the bill in order to extend the additional facts and a prayer for the special relief which it desired. To this amendment the defendants might have filed a demurrer or an amended answer. But in any event they could ask for affirmative relief only in a cross bill. There is no reason why the relief should not be adapted to the facts and law existing at the time of the entry of the final decree. *Bauer* v. *International Waste Co.* 201 Mass. 197, 203. *McMurtrie* v. *Guiler*, 183 Mass. 451. *Day* v. *Mills*, 213 Mass. 585. *Strout* v. *United Shoe Machinery Co.* 215 Mass. 116.

The plaintiff's motion is treated as a motion to amend its bill and the defendant's answer as an answer to that amendment, and the case is considered on that footing.

It follows from what has been said in deciding the suit of *Hanscom* v. *Malden & Melrose Gas Light Company*, that the plaintiff in this case is not entitled to levy the execution for debt, which may issue in its favor, on the real estate formerly of Chandler and now held by Hanscom. There is no occasion to determine whether, if it were so entitled, any change should be made in the ancient form of execution. An execution for costs should issue against the administrator of the estate of Chandler personally, and the decree should be changed to that extent. *Look* v. *Luce*, 136 Mass. 249. *Tyler* v. *Brigham*, 143 Mass. 410. R. L. c. 172, §§ 6, 7.

The final decree heretofore entered is to be modified by inserting the correct sum now due to the plaintiff after deducting payments already made, and by providing that execution in common form as against the property of the deceased is to issue, and another execution for costs alone against the administrator personally; and as so modified the decree is affirmed.

*So ordered.*

*G. R. Blinn*, (*F. K. Rice* with him,) for Hanscom.
*G. B. Hayward*, (*G. L. Mayberry* with him,) for Chandler.
*R. P. Clapp*, for the Malden and Melrose Gas Light Company.