Mason, J.
This is an action of contract in which the plaintiff seeks to recover under the provisions of General Laws (Ter. Ed.) chapter 59 section 5A the sum of $879.58. Plaintiff claims that this sum is equal to the amount of principal and interest on taxes which the defendants’ testate was relieved of paying under the provisions of General Laws (Ter. Ed.) chapter 59 section 5 clause eighteenth. Plaintiff further alleged that the Board of Assessors of the City *34 of Springfield did annually compute the amount of such taxes, recorded the same and after the death of said Samuel E. Berrett did commit the same to the plaintiff as City Collector of the City of Springfield. Plaintiff further alleged that the defendants’ testate died leaving an estate in excess of his debts, reasonable funeral and burial expenses and reasonable expenses of administration in an amount equal to $879.58, and that a claim for said amount was duly presented to the defendants for payment.
The answer is a general denial.
The Court found the following facts:
‘ ‘ The Court specially finds that the deceased was relieved of the taxes with which the Plaintiff seeks to charge his estate prior to the enactment by the Legislature of Section 5A of Chapter 59 of the General Laws of Massachusetts (Ter. Ed.) on May 1, 1941; that the deceased died after this date; and that although he died after its enactment his estate is not chargeable with the taxes from which he was relieved as he was relieved of these taxes prior to the enactment of Section 5A; and that Chapter 59, Section 5A of the General Laws of Massachusetts (Ter. Ed.) is not retrospective in its operation and therefore estates are to be chargeable only for taxes from which deceased was relieved after the enactment and the Plaintiff cannot recover.”
The only ground on which the Trial Court found for the defendant was that chapter 227 of the Acts of 1941, now General Laws chapter 59 section fiA, was approved on May 1, 1941 and therefore does not apply to any abatements granted by the assessors prior to 1941. Said chapter 59 section 5A reads as follows:
“In the event that a person is relieved of taxation under any provision of clause Seventeenth or of clause Eighteenth of section five, upon his death his estate, to the extent that it exceeds his debts, reasonable funeral and burial expenses and reasonable expenses of ad *35 ministration, shall be chargeable with the amount of taxes from which he is so relieved with interest at the rate of six per cent per annum from the date when such taxes except for such relief would have been due. The assessors shall annually compute the amount of such taxes, record the same and, upon the death of the person relieved, commit the aggregate amount to the collector upon a special warrant, and such collector shall present the claim for payment in the same manner as provided for presentation of claims of creditors of the estate and have like power to bring suit thereon.”
We are concerned with the correct interpretation of the statute in accordance with established principles of law. Our interpretation of the statute makes it unnecessary to consider whether this statute would be unconstitutibnal if interpreted so as to apply to taxes abated or remitted before the statute went into effect.
The case of Magee v. Commissioner of Corporations and Taxation, 256 Mass. 512, is the principal authority relied on by the plaintiff. A retroactive application of the statute there involved was held constitutional, but the language of that statute was explicit and not open to question. Even in that case the general principle of interpretation is thus stated at page 517—
‘ ‘ Statutes imposing taxation are not to be construed as acting retroactively unless the legislative intention is clearly declared. It may be conceded that the constitutionality of such statutes is open to grave doubt. Schwab v. Doyle, 258 U. S. 529. Levy v. Wardell, 258 U. S. 542. Estate of Stanford, 126 Cal. 112. Lewellyn v. Frick, 268 U. S. 239.”
In Hanscom v. Malden and Melrose Gas Light Co., 220 Mass. 1, at page 3 the language of the court is—
“The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by nec *36 essary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations. Doubtless all legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms. It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action.”
This quotation is followed by a full discussion of many eases involving this rule.
This case is cited with approval in Manley’s Case, 280 Mass. 331. At page 335 the language of the court is
(That the act of 1930) “created a new right; and modified the substantive duty of insurers upon whom it imposed a liability not theretofore existing. It is not a mere regulation with reference to evidence or procedure. See Duggan v. Ogden, 278 Mass. 432, 435. It is familar law that such an enactment is not retroactive unless made so by express language or inescapable implication. Hanscom v. Malden & Melrose Gas Light Co., 220 Mass. 1.”
The statute before us begins “In the event that a person is relieved of taxation.” This seems to relate to present or future relief. Certainly there is nothing in this language to compel a construction that the statute is to be applied to relief granted before the passage of the act.
We find no error in the action of the Trial Court.