Hinkle, Margaret R., J.
After a summary judgment decision issued May 7, 2009, the single remaining claim in this case is whether defendant Hyatt Corporation (“Hyatt”) violated M.G.L.c. 149, sec. 152A (the Massachusetts ‘Tip Statute”) by including Banquet Captains in its service charge pool prior to September 2004. Plaintiffs argue that those particular Hyatt employees did not provide the kind of “service,” as contemplated by the Tip Statute, that would entitle them to service charges. Now before the Court is Hyatt’s Motion for a Determination That Chapter 80 of the Acts of 2008 Does Not Apply Retroactively.
After hearing on January 11, 2010, for the reasons stated below, the motion is allowed.

BACKGROUND

In July of 2008, Chapter 80 of the Acts of 2008[2] came into effect, making treble damages mandatory for, among other things, violations of the Tip Statute. M.G.L.c. 149, sec. 150 (2009). Before enactment of the Chapter 80 amendment, treble damages for Tip Statute violations were not mandatory. See Wiedmann v. Bradford Group, Inc., 444 Mass. 698, 709 (2005) (“. . . there is nothing in the plain language of the statute that requires an award of treble damages”). Because the relevant facts in this case occurred at least three years before Chapter 80 came into effect, in order for treble damages to be required here this Court would have to determine that the Legislature intended Chapter 80 to operate retroactively. Neither controlling case law nor reasoned statutory interpretation supports such a determination.

DISCUSSION

United States District Court Judge William Young recently addressed Chapter 80 retroactivity in DiFiore et al. v. American Airlines, Inc.[3] In a well-reasoned Memorandum and Order dated December 23, 2009, Judge Young determined that Chapter 80 does not operate retroactively.
Judge Young begins his analysis by recalling the general principle of statutory interpretation that “all *599 statutes are prospective in their operation” and have “no retroactive effect unless such effect manifestly is required by unequivocal terms.” DiFiore Order at 26, quoting Fontaine v. Ebtec Corp., 415 Mass. 309, 318 (1993), and City Council of Waltham v. Vinciullo, 364 Mass. 624, 626 (1974). As with the plaintiffs in DiFiore, the plaintiffs here do not, nor can they, point to such unequivocal terms present in the Chapter 80 amendment.
Judge Young next rejects the argument advanced by the plaintiffs in both DiFiore and this case that the Supreme Judicial Court in Somers v. Converged Access, Inc. held Chapter 80 to be retroactive by stating that “the plaintiff will be entitled under G.L.c. 149, §150, to ‘damages incurred,’ including treble damages for ‘any lost wages and other benefits.’ ” 454 Mass. 582, 594 (2008) (emphasis added); DiFiore Order at 26-27. At an earlier point in that opinion, however, the Somers court notes the damages available to the plaintiffs are “ ‘injunctive relief and any damages incurred, including treble damages.’ ” Somers, 454 Mass at 589-90. Judge Young correctly concludes that the Somers court must have intended to list the damages available to the plaintiffs in both these statements, rather than imply that treble damages are required. To conclude otherwise would render these two statements of law inconsistent. Furthermore, the Somers court never addresses the issue of retroactivity, and instead expressly cites to Wiedmann, a case that explicitly holds that treble damages are discretionary under M.G.L.c. 149.
This Court joins Judge Young in concluding that the Chapter 80 amendment is not merely remedial in nature, but rather affects a defendant’s substantial rights, namely the right to be free from the mandatory imposition of treble damages. “It is only statutes . . . relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action.” Fleet Nat’l Bank v. Comm’r of Revenue, 448 Mass. 441, 449 (2007), quoting Hanscom v. Malden & Melrose Gas Light Co., 220 Mass. 1, 3 (1914). The Chapter 80 amendment, which eliminates any discretion in the imposition of treble damages, is more than an “essentially procedural” change that could be properly applied retroactively. Fontaine, 415 Mass. at 319.
Lastly, this Court rejects the plaintiffs’ argument that mandatory treble damages have always been the governing law in this State, and that Chapter 80 is therefore a mere clarification of the law as it has always stood. The Wiedmann case, prevailing law for at least three years before passage of the Chapter 80 amendment, proves otherwise.[4]

ORDER

For the reasons stated, defendant’s Motion for a Determination that Chapter 80 of the Acts of 2008 Does Not Apply Retroactively is ALLOWED.

“An Act Further Regulating Employee Compensation.”

Civil Action No. 07-10070-WGY.

Plaintiffs point to the Superior Court case of Rosnov v. Molloy, No. ESCV2007-0740 (Mass.Super.Ct. Apr. 10, 2009) (Kern, J.), for the contention stated therein that “it is proper to apply the amended version of the statute [retroactively] because . . . violators of the Wage Act have always been subject to treble damages,” and consequently Chapter 80 did not “substantially change!] parties [sic] rights and expectations.” Rosnov at 8. After noting that “neither party” had addressed the crucial issue of “whether [the Chapter 80] amendment is applicable to the present case, where the violative conduct occurred before the amendment but the judgment occurred after,” the Rosnov court suggests that because a defendant has “always” been aware of the possibility that treble damages could be imposed for a Wage Act violation, the shift to make treble damages mandatory cannot have “substantially” changed parties’ rights and expectations. Id. at 7-8. To the extent that case concludes that the Chapter 80 amendment is merely remedial rather than substantive, this Court respectfully disagrees.